IN THE UNITED STATES COURT OF FEDERAL CLAIMS

| | | |
|---|---|---|
| CRV ENTERPRISES, INC., | ) | |
| | ) | |
| Plaintiff, | ) | No. 06-660 L |
| | ) | |
| v. | ) | Judge George W. Miller |
| | ) | |
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

**ANSWER**

Defendant, United States of America, by and through the undersigned counsel, in answer to Plaintiff's Complaint, hereby admits, denies, and avers as follows.

**GENERAL ALLEGATIONS**

1. The allegations in the first two sentences of paragraph 1 are a characterization of Plaintiff's Complaint to which no response is required. Defendant denies that there has been a unconstitutional taking of Plaintiff's property interests. Defendant is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegation in the third sentence of paragraph 1, but Defendant is unaware of any other pending action arising out of the matters alleged in Plaintiff's Complaint.

2. Defendant is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in paragraph 2.

3. Defendant admits the allegations in paragraph 3.

4. Defendant admits the allegations in paragraph 4.

5. The allegations in paragraph 5 are characterizations of Plaintiff's Complaint and

conclusions to law to which no response is required.

6. Defendant is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in paragraph 6.

7. Defendant is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in paragraph 7.

8. Defendant is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in paragraph 8.

9. Defendant is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in paragraph 9.

10. Admitted.

11. Defendant admits that the subject property was and is situated adjacent to the Mormon Slough and that its approximate location is depicted on the Assessor's Parcel Map attached to Plaintiff's Complaint as Exhibit A. Defendant is without knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in paragraph 11.

12. With respect to the first sentence of paragraph 12, Defendant admits that vessels have had access to the Mormon Slough. With respect to the second sentence of paragraph 12, Defendant avers that in 1986 Plaintiff's predecessor-in-interest, the Dutra Group ("Dutra"), applied for a permit pursuant to the Rivers and Harbors Act, in order to obtain approval to perform dredging and to construct a sheet pile wall adjacent to the subject property in the Mormon Slough. Defendant is without knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in paragraph 12.

13. Defendant is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in paragraph 13.

14. Defendant is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in paragraph 14.

15. Defendant is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in paragraph 15.

16. Defendant is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in paragraph 16.

17. Defendant is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in paragraph 17. Defendant avers that the EPA has not interfered with Plaintiff's access to and from Weber Avenue or Plaintiff's marine access to the Mormon Slough in the "Access Area" depicted on Exhibit B to Plaintiff's Complaint.

18. Defendant is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph.

19. Defendant admits the first sentence of paragraph 19. With respect to the second and third sentences of paragraph 19, Defendant avers that, according to EPA's March 31, 1999 ROD, McCormick & Baxter Creosoting Company operated a wood treating facility at the Site from 1946 until 1991. EPA's ROD is the best evidence of EPA's findings as to the history and nature of the operations at the Site, the resulting contaminations of soils, sediment and groundwater, as well as the history of the enforcement actions.

20. Denied. Defendant avers that it has conducted some sampling on the north shore of the Mormon Slough, including sampling on the subject property in 2000, to determine

whether contamination was present. Defendant has determined that, while one of the north shore samples showed a low level of dioxin, levels of contamination requiring remediation were not found on the subject property.

21. Admitted.

22. Defendant denies the allegation in the first sentence of paragraph 22 that "[o]n or about October 26, 2001, the defendant USA, through the EPA, notified the then-owner/seller [Dutra] of the Maritime Center property of its intention to install environmental remediation improvements on and adjacent to the Maritime Center property to address allegedly contaminated sediment in the Mormon Channel." Defendant avers that EPA's Proposed Plan for remediation of the M&B Site was the subject of public notice and comment, commencing in September 1998. In addition, the March 31, 1999 ROD includes EPA's response to comments as well as the selected remedial action. Further, EPA representatives met with Dutra, former owner of the subject property, and discussed the remediation plan including the plan for a permanent log boom on September 22, 1999. Defendant denies the allegations of the second, third, and fourth sentences of this paragraph and states that EPA's ROD is the best evidence of EPA's findings as to the history and nature of the operations at the Site, the resulting contaminations of soils, sediment and groundwater, as well as the history of the enforcement actions. Defendant avers that the language quoted in the third sentence is taken from EPA's March 31, 1999 ROD, and relates to an area outside of the area to which navigational access has been restricted. Defendant is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in the fifth sentence of paragraph 22.

23. The allegations of paragraph 23 are denied. Defendant avers that it has taken

steps to implement the 1999 ROD by using a temporary silt curtain, a permanent log boom, and placement of a sand cap over the portion of the Mormon Channel shown as the "Capping Area" in Exhibit B to Plaintiff's Complaint. The remaining allegations in paragraph 23 are conclusions of law to which no response is required. To the extent that matters of fact have been alleged, they are denied.

24. Defendant denies the allegation in the first sentence of paragraph 24 that remediation will include removal of a temporary sheet pile wall. EPA's remediation efforts did involve use of a temporary silt curtain, but that curtain has been removed and replaced with a permanent log boom. In response to the second sentence of paragraph 24, Defendant admits that EPA's remediation efforts have included placement of a permanent log boom, which is designed to restrict marine access to and from portions of the Mormon Slough, including a portion of the subject property. In response to the third sentence of paragraph 24, Defendant avers that the permanent log boom prevents marine access to that portion of the Mormon Slough lying southeast of the log boom, depicted as the "Capping Area" on Exhibit B to Plaintiff's Complaint. In response to the fourth sentence of paragraph 24, Defendant avers that Exhibit B to Plaintiff's Complaint is the best evidence of its contents, and Defendant admits the statement to the extent it is consistent with that document.

25. Defendant admits the allegation contained in the first sentence of paragraph 25. Defendant denies the allegations contained in the second, third, fourth and fifth sentences of paragraph 25.

26. The allegations in paragraph 26 are conclusions of law to which no response is required. To the extent that matters of fact are alleged, they are denied.

27. In response to the first sentence of paragraph 27, Defendant avers that the ROD for the M&B Site considered and rejected both a “no action” alternative and other possible remediation actions. In response to the factual allegations contained in the second sentence of paragraph 27, Defendant avers that EPA determined an appropriate remedy and is in the process of implementing that remedy. The legal allegations and characterizations of Plaintiff’s claim in the second sentence do not require a response. To the extent a response is required, those allegations and characterization are denied. Defendant denies the third sentence of paragraph 27.

28. Defendant denies the allegations in the first sentence of paragraph 28, except that Defendant admits it implemented the first phase of construction of the remediation in the Mormon Slough in October 2002. The first phase of construction ended in December 2002. Defendant denies the accuracy of the allegations in sentence 2 to the extent that it misstates the reasons that EPA delayed completion of the sediment remedy in the Mormon Channel. Defendant avers that EPA did not fully implement Phase II of the remediation until July 2006 due to difficulties relocating a boat owner, who had been living on a vessel in the Mormon Channel. With respect to the third sentence of paragraph 28, Defendant admits that a temporary silt curtain blocked marine access at the time of the filing of the Complaint, and that the temporary silt curtain has since been replaced with a permanent log boom.

29. In response to the first sentence of paragraph 29, Defendant admits that the EPA commenced installation of the sand cap and permanent log boom in the Mormon Channel on or about July 1, 2006. In addition, Defendant denies that it installed a temporary sheet pile wall in the Mormon Channel. Defendant denies the second sentence of paragraph 29. In further response to the second sentence of paragraph 29, Defendant avers that on the date of Plaintiff’s

Complaint, EPA had driven pilings to anchor a stationary silt curtain and permanent log boom. The allegations contained in the third and fourth sentences of paragraph 29 are conclusions of law to which no response is required. To the extent that matters of fact are alleged, they are denied.

**FIRST CAUSE OF ACTION**

30. Paragraph 30 simply incorporates all of the prior allegations of Plaintiff's Complaint, paragraphs 1-29. Defendant incorporates its answers to these allegations, as stated above.

31. Admitted.

32. The allegations of paragraph 32 are conclusions of law to which no response is required. To the extent that matters of fact are alleged, they are denied.

33. The allegations of paragraph 33 are conclusions of law to which no response is required. To the extent that matters of fact are alleged, they are denied.

34. The allegations of paragraph 34 are conclusions of law to which no response is required. To the extent that matters of fact are alleged, they are denied.

35. The allegations of paragraph 35 are conclusions of law to which no response is required. To the extent that matters of fact are alleged, they are denied.

36. In response to the allegations in paragraph 36, Defendant admits only that it has paid no compensation to Plaintiff. Defendant further states that it made repeated efforts to work with Dutra, Plaintiff's predecessor-in-interest, to determine whether EPA could mitigate any alleged impacts on Dutra's business interests in the subject property. EPA also met with Plaintiff's representatives in January 2003 in order to determine, *inter alia*, whether, consistent

with activities necessary to address the threat from the M&B property, EPA could in any way mitigate any alleged impacts on Plaintiff's business interests in the subject property.

All allegations of Plaintiff's Complaint that have not been specifically admitted or otherwise answered are hereby denied.

**FIRST DEFENSE**

Plaintiff's Complaint fails to state a claim upon which relief can be granted.

**SECOND DEFENSE**

Plaintiff's claim is barred by the Anti-Assignment Act, 31 U.S.C. § 3727 (2002).

**THIRD DEFENSE**

Plaintiff does not own the property rights that it alleges have been taken.

**FOURTH DEFENSE**

The actions of the United States were taken to abate a nuisance or were taken within other preexisting limitations on Plaintiff's property rights.

**FIFTH DEFENSE**

The actions taken by the United States were within the scope of its navigational servitude.

**SIXTH DEFENSE**

Plaintiff lacks standing to bring this lawsuit.

**SEVENTH DEFENSE**

To the extent Plaintiff intends to allege its claim was triggered by some government action that occurred prior to September 19, 2000, such a claim is barred by the statute of limitations. 25 U.S.C. § 2501.

WHEREFORE, Defendant respectfully requests that this Court enter an order:

1. Dismissing the Complaint with prejudice; and

2. Granting the United States such other relief as the Court may deem just and proper.

Dated: December 20, 2006

Respectfully submitted,

SUE ELLEN WOOLDRIDGE
Assistant Attorney General
United States Department of Justice
Environment & Natural Resources Division

s/ William J. Shapiro
WILLIAM J. SHAPIRO
Environment & Natural Resources Division
Natural Resources Section
United States Department of Justice
501 I Street
Suite 9-700
Sacramento, CA 95814
TEL: (916) 930-2207
FAX: (916) 930-2210
E-mail: william.shapiro@usdoj.gov

*Attorney for Defendant United States*

Of Counsel:
Laurie Williams
Assistant Regional Counsel
U.S. Environmental Protection Agency