**IN THE UNITED STATES COURT OF FEDERAL CLAIMS**

| | | |
|---|---|---|
| CRV ENTERPRISES, INC., | ) | |
| Plaintiff, | ) | |
| v. | ) | Case No. 06-660 L |
| | ) | Judge George W. Miller |
| THE UNITED STATES | ) | |
| Defendant. | ) | |

**JOINT PRELIMINARY STATUS REPORT**

The parties in the above-titled case hereby inform the Court that Plaintiff's counsel and Defendant's counsel have discussed this case pursuant to RCFC Appendix A(II)(3). Pursuant to RCFC Appendix A(III)(4) and (5), the parties submit this Joint Preliminary Status Report.

**Paragraph 4.a. Jurisdiction**

The parties agree that this Court has jurisdiction over this matter.

**Paragraph 4.b. Consolidation**

The parties do not believe that the case should be consolidated with any other case.

**Paragraph 4.c. Bifurcation**

The parties agree that the issue of liability in this matter should be bifurcated from the issue of damages, consistent with the interests of judicial economy.

**Paragraph 4.d. Deferral of Case**

The parties do not believe this case should be deferred and the parties are not aware of any case pending before this Court that would necessitate the deferral of this action.

**Paragraph 4.e. Remand or Suspension**

The parties are not seeking a remand or suspension.

**Paragraph 4.f. Additional Parties**

The parties do not anticipate joining additional parties.

**Paragraph 4.g. Dispositive Motions and Proposed Schedule**

Plaintiff responds as follows:

Plaintiff will determine from discovery whether a motion for summary judgment is appropriate pursuant to RCFC 56.

Defendant responds as follows:

Defendant intends to file a motion for summary judgment pursuant to RCFC 56, and proposes that any dispositive motions be filed no later than 60 days after the close of discovery.

**Paragraph 4.h. Relevant Issues**

Plaintiff responds as follows:

1. Whether Defendant can establish that there has been no taking of Plaintiff's property so as to avoid just compensation in accordance with the Fifth Amendment to the United States Constitution?

2. Whether Defendant can establish that there has been any benefit to Plaintiff's use and enjoyment of its property by reason of Defendant's actions, such that there could be any offset against the amount of compensation to be awarded?

Defendant responds as follows:

1. Whether Plaintiff can establish that there has been a taking of its property by Defendant in violation of the Fifth Amendment to the United States Constitution? Included within this question are the following relevant issues:

a. Whether Plaintiff has a legally protected property interest that might have been impacted by the government act complained of in Plaintiff's complaint?

b. Whether the government's actions were taken to abate a nuisance?

c. Whether the government's actions were taken within its dominant navigational servitude or any other preexisting limitation on Plaintiff's property right?

d. Whether plaintiff's purchase of the property with knowledge of the government restriction constituted a pre-existing limitation on Plaintiff's property right?

e. Whether Plaintiff's taking claim is barred under the Anti-Assignment Act, 31 U.S.C. § 3727 (2002)?

2. If Plaintiff can establish that there has been a taking of its property, what is the just compensation, if any, due to Plaintiff? Included in this question is the following issue: what is the value of any offsetting special benefit provided to the property by the government?

**Paragraph 4.i. Likelihood of Settlement and Contemplation of ADR**

The parties are willing to consider the possibility of settlement in order to achieve an expeditious resolution of this case. However, the likelihood of settlement is unknown at this time.

**Paragraph 4.j. Likelihood of Trial**

The parties believe that this matter can possibly be resolved on summary judgment following a period of discovery. If the Court were to determine that the United States is liable for a taking, the parties anticipate that determination of the amount of just compensation, if any, would require that phase of the case proceed to trial. The parties do not believe an expedited trial schedule is appropriate for this case. If a trial is necessary, the parties jointly request that such trial be held in California, at a location to be determined.

Plaintiff believes trial should be scheduled within ninety (90) days of the Court's decision on any dispositive motions.

Defendant believes the parties should propose further proceedings following resolution of any motions for summary judgment.

**Paragraph 4.k. Electronic Case Management Needs**

The parties are not aware of any special issues regarding electronic case management needs that the Court should be aware of at this time.

**Paragraph 4.l. Other Information**

The parties are not aware of any other information of which the Court should be aware at this time.

**Paragraph 5. Discovery Plan**

The parties intend to exchange initial disclosures in accordance with Rule 26(a)(1) of the Court of Federal Claims no later than March 5, 2007.

The parties propose that liability-related discovery end on October 1, 2007.

Defendant proposes that dispositive motions be filed no later than 60 days after the close of liability-related discovery (that is, no later than November 30, 2007).

This motion was jointly prepared by counsel for the parties. Counsel for Plaintiff has authorized the undersigned to file this motion on behalf of both parties.

Dated: February 12, 2007

Respectfully submitted,

MATTHEW J. McKEOWN
Acting Assistant Attorney General
Environment & Natural Resources Division
United States Department of Justice

s/ William J. Shapiro
WILLIAM J. SHAPIRO
HELENANNE LISTERMAN
Trial Attorney
Natural Resources Section
Environment & Natural Resources Division
U.S. Department of Justice
501 I Street
Suite 9-700
Sacramento, CA 95814
916-930-2207 (phone)
916-930-2210 (fax)

Attorneys for Defendant

<u>Of Counsel</u>:

Laurie Williams
Assistant Regional Counsel
U.S. EPA Region 9
75 Hawthorne Street
San Francisco, CA 94105