John H. Patton, California SBN 069261
Matthew K. Wisinski, California SBN 195535
SHAPIRO BUCHMAN PROVINE & PATTON LLP
1333 North California Boulevard, Suite 350
Walnut Creek, CA 94596
Telephone: (925) 944-9700
Facsimile: (925) 944-9701
E-mail: jpatton@sbllp.com
Attorneys for Plaintiff CRV Enterprises, Inc.

**IN THE UNITED STATES COURT OF FEDERAL CLAIMS**

| | |
|---|---|
| **CRV ENTERPRISES, INC.**, a **California corporation,**<br><br>Plaintiff,<br><br>vs.<br><br>**THE UNITED STATES OF AMERICA,**<br><br>Defendant. | No. 06-660L<br><br>**MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF PLAINTIFF CRV ENTERPRISES, INC.'S MOTION FOR ORDER GRANTING LEAVE TO FILE FIRST AMENDED COMPLAINT [RCFC 15]**<br><br>Judge George W. Miller |

**MEMORANDUM OF POINTS AND AUTHORITIES**

Plaintiff CRV Enterprises, Inc. ("CRV"), for itself and on behalf of C. Ryan Voorhees, respectfully submits the following memorandum of points and authorities in support of its motion, pursuant to Rule 15 of the Rules of the United States Court of Claims (RCFC), for an Order granting plaintiff CRV and C. Ryan Voorhees leave to file the First Amended Complaint in the form attached hereto, adding C. Ryan Voorhees as a party plaintiff.

## I. PRELIMINARY STATEMENT

This is an action in inverse condemnation to recover just compensation based on the Fifth Amendment of the United States Constitution, pursuant to 42 U.S.C. § 1983. The claim is for money damages as compensation against the defendant United States of America ("USA") arising out of the defendant's uncompensated taking of and injury to real property in Stockton, California ("the Stockton Property"), owned by plaintiff CRV and C. Ryan Voorhees, the principal of CRV.

This motion seeks leave to amend the existing Complaint (filed September 20, 2006) to add C. Ryan Voorhees, the principal owner and officer of CRV, as an individual plaintiff, based on the fact that Mr. Voorhees was an owner of the Stockton Property as of the time of the USA's physical taking of access rights from the Stockton Property, which occurred in 2006.

## II. SUMMARY OF THE RELEVANT FACTS

In the Fall of 2002, CRV consummated the purchase of the Stockton Property, at a purchase price of $1,315,000. The Stockton Property is located to the north of a body of water known as the Old Mormon Slough ("Mormon Slough"), which provided marine access to the property from the Stockton Deep Water Channel on the San Joaquin River. The purpose for the acquisition of the Stockton Property was to develop it for mixed uses as a marina, using the Mormon Slough for marine access to same.

To the south of the Mormon Slough, across from the Stockton Property, lies the former site of the McCormick & Baxter Creosoting Company ("M&B Site"). The US Environmental Protection Agency ("UAEPA") has been and is engaged in a

Superfund clean-up/remediation of that site for many years, due to contaminants produced on the site during M&B's operations. According to the USEPA, some of these contaminants had leached their way into the Mormon Slough.

In or about the end of 2002/early 2003, CRV definitively learned that the USEPA intended to install a permanent log boom across the Mormon Slough in connection with its plan to install a 2-foot thick sand cap over the sediment bottom of the slough (ostensibly to prevent contaminants in the sediment from migrating). The proclaimed purpose of the log boom was to prevent marine traffic (boats and barges) from entering the Mormon Slough, and potentially disturbing the subsurface sand cap above the sediment.

Upon learning of the USEPA's intended actions, CRV filed an action in this Court based upon such taking on April 30, 2003 (Case No. 1:03-cv-00867-GWM), at a time when Defendant was planning to install, but had not yet physically installed, the permanent log boom blocking the entrance to the Mormon Channel. At the time of filing, CRV anticipated that the improvements were to be installed shortly thereafter. The USEPA, however, did not implement this permanent remedy at that time due to various reasons unimportant to this motion. As such, the USA and CRV stipulated to dismiss the action without prejudice, because it was not yet ripe, and that dismissal was entered on May 16, 2005. [¶ 3, Patton Declaration.]

In the Summer of 2006, the USEPA began implementing its proclaimed remedy for the Mormon Slough, and by September of that year, had begun placing a permanent log boom across the mouth of the slough, physically barring entry to the Stockton Property by any watercraft. On September 20, 2006, CRV filed the instant

action seeking just compensation for the taking of its access rights to the Stockton Property. [¶ 5, Patton Declaration.]

During discovery in the course of this action, the USA conducted the deposition of C. Ryan Voorhees, individually, and pursuant to RCFC Rule 30(b)(6), as principal of plaintiff CRV (Mr. Voorhees being the chief owner/principal/manager of the company). During questioning by the government's attorney (Mr. Shapiro) on November 19, 2007, and based upon Mr. Voorhees' responses, it became apparent to CRV's counsel (Mr. Patton) that there might be an issue concerning the actual ownership of the Stockton Property. [¶ 6, Patton Declaration.] Shortly thereafter, CRV's counsel investigated the matter, and determined that on October 11, 2004, plaintiff CRV had conveyed the Stockton Property to C. Ryan Voorhees, an individual, and that this conveyance was memorialized by deed recorded October 20, 2004. [¶ 7, Patton Declaration.] CRV's counsel had been unaware of the transfer at the time that the Complaint in this action was filed ) September 20, 2006), and had mistakenly assumed that the property was still held by CRV. [¶ 5, Patton Declaration.] At his deposition, Mr. Voorhees could not recall for certain in what name or names the property was held.

As it was then (December of 2007) apparent that C. Ryan Voorhees was in fact a personal owner of the Stockton Property at the time of the taking alleged in this action (Fall, 2006), and is still a personal owner of such property, Mr. Voorhees is a proper (and likely necessary) party plaintiff in this action, and has standing to assert a takings claim.

Shortly after learning of this ownership, counsel for CRV (Mr. Patton) began efforts to amend the pleadings to add Mr. Voorhees as a plaintiff, including notifying counsel for Defendant USA (Mr. Shapiro), forwarding a stipulation for leave to amend, and forwarding the proposed amended pleading to defense counsel. [¶¶¶ 8-12, Exhibits 1-3, Patton Declaration served and filed herewith.] In response, counsel for Defendant USA has indicated that the government will not oppose the proposed amendment, but will not stipulate to it, necessitating this motion. [Exhibit 4, Patton Declaration.][1]

## III. <u>LEGAL ARGUMENT</u>

RCFC 15 governs amended and supplemental pleadings, and provides that leave to amend "shall be freely given when justice so requires." RCFC 15(a). In the absence of undue delay, bad faith, or dilatory motive, the courts should construe RCFC 15 liberally to permit amendments. *See, e.g., Hess v. U.S.*, 210 Ct.Cl. 483, 537 F.2nd 457, 461 (Ct. Cl. 1976). RCFC is modeled from and conformed to FRCP 15. Rules Committee Note, 2002 Revision, RCFC 15. Amendments to pleadings, while within the discretion of the trial courts, are liberally permitted in most cases. *See, e.g., Foman v. Davis* (1962) 371 U.S. 178, 182, 83 S.Ct. 227, 230.

In this case, the amendment seeks to add a proper party plaintiff to the case, C. Ryan Voorhees, the principal owner and officer of plaintiff CRV, and an owner of the Stockton Property at the time of the alleged taking by defendant in 2006. The amendment is not sought to delay the disposition of this case, but rather, to ensure

---

1 The parties have agreed (with the Court's permission) to bifurcate discovery on issues of compensable taking and damages, proceeding with the liability issues first. Dispositive motions will soon be filed, and then, depending on the outcome of those motions, discovery will proceed on the damage issues. But it is important that the proper parties are all before the Court when the respective takings motions are heard.

that all proper parties are before the Court when it adjudicates the parties' respective rights and obligations. The intent is to avoid unnecessary duplicative results, and to adjudicate this case in one proceeding. Far from there being any prejudice to the Defendant USA, the amendment ensures that it will not be subject to a second takings proceeding regarding the Stockton Property, brought by Mr. Voorhees.

Indeed, the requested amendment is not at all unlike other amendments that have been permitted by this Court. For example, in *System Fuels, Inc. v. U.S.*, 65 Fed. Cl. 163 (2005) this Court was faced with a motion for summary judgment by the government, asserting that the plaintiff did not have standing to pursue a takings claim, because the property taken was actually owned by a subsidiary company of the plaintiff.[2] Faced with this argument, the plaintiff sought leave to amend to add its subsidiary company as a party plaintiff, as a real party in interest under RCFC 17(a). In granting leave to amend, the Court recognized that permitting leave to amend to add a proper party plaintiff with standing to assert the claim was in the interests of justice, and avoiding the potential for multiple lawsuits. 65 Fed. Cl. 170-71. The same logic applies to our case, where C. Ryan Voorhees was an owner of the Stockton Property at the time the alleged taking occurred, and thus has standing to assert the takings claim in this action.

Similarly, we have *Holland v. U.S.*, 62 Fed. Cl. 395 (2004), a case that this Court (Judge Miller) knows well. There, the government filed a motion to dismiss under FRCP 12(b)(6), maintaining that individual shareholders of a banking entity

---

[2] As the Court observed, "for a party to allege that its property right has been taken, it must have owned the property at the time that the alleged taking occurred." *Cavin v. United States*, 956 F.2d 1131, 1135 (Fed.Cir.1992); *Smith v. United States*, 28 Fed.Cl. 430, 436 (1993); *Illinois v. United States*, 15 Cl.Ct. 399, 410 (1988).

did not have standing to assert claims belonging to the banking entity. The plaintiff shareholders sought leave to amend to join the banking entity as a party plaintiff. The Court analyzed three major factors in determining to permit the amendment: "1) whether the defendant will be prejudiced, 2) whether the factual allegations of the complaint will change, and 3) whether the defendant is aware of the relevant parties." 62 Fed. Cl. 401-405.

In our case, like *Holland* (and like *System Fuels*), there is no palpable prejudice to the government.[3] Indeed, it is to the government's benefit to adjudicate, *in one proceeding*, the rights of all property owners in the Stockton Property with regard to the taking alleged in this case. Second, the facts have not changed – this action still turns around the claim that the USA's physical erection of a log boom in 2006, precluding marine access to the Stockton Property, constitutes a taking requiring just compensation under the Fifth Amendment. No additional or different discovery is or will be required in this case by reason of the amendment. Third, although it is unclear whether the government knew or suspected that Mr. Voorhees was an owner of the Stockton Property at the time of the alleged taking (2006) when defendant took his deposition on November 19, 2007, it certainly knew no later than

---

[3] For example, since the taking occurred in September of 2006, even if the amendment did not relate back to the September 20, 2006 filing date, no statute of limitations would have run, because the six-year limitations period for federal takings claims under 28 U.S.C. § 2501 has not come close to elapsing. Further, after being made aware of the need for amendment, as well as its text, counsel for the USA has not mentioned any potential prejudice. [*See, e.g.,* Exhibit 3, Patton Declaration.]

December 20, 2007, when advised by counsel for plaintiff.[4] [Exhibit 1, Patton Declaration.]

In short, there is no good cause to oppose the amendment, and there is ample good cause to permit it. Otherwise, Mr. Voorhees would be compelled to initiate a separate action under the Tucker Act to seek just compensation for the very same taking that is the subject of this case.

## IV. CONCLUSION

This motion has been brought in good faith, and based upon the recent discovery that a proper party plaintiff (C. Ryan Voorhees) should be added to the pleadings to adjudicate his rights with regard to the Stockton Property in one single proceeding before this Court. Granting leave to amend will not prejudice any party, nor will it delay or unduly complicate these proceedings. As such, it is respectfully submitted that leave to file the proposed First Amended and Supplemental Complaint should be granted, in the interests of justice.

Dated: January 15, 2008

Respectfully Submitted,

SHAPIRO BUCHMAN PROVINE & PATTON LLP

By: ______________________________
John H. Patton
Attorneys for Plaintiffs CRV Enterprises, Inc. and C. Ryan Voorhees

206330.1

---

4 In the various discussions concerning the proposed amendment and the need to assert same, defense counsel has not indicated to plaintiff's counsel whether the defense has been aware of the actual ownership of the Stockton Property at any time since the taking (September of 2006).