IN THE UNITED STATES COURT OF FEDERAL CLAIMS

| | | |
|---|---|---|
| CRV ENTERPRISES, INC., a California Corporation, C. Ryan Voorhees, an individual, | ) | |
| Plaintiff, | ) | No. 06-660 L |
| v. | ) | Judge George W. Miller |
| UNITED STATES OF AMERICA, | ) | |
| Defendant. | ) | |

**ANSWER TO AMENDED COMPLAINT**

Defendant, United States of America, by and through the undersigned counsel, in answer to Plaintiffs' Amended Complaint, filed January 23, 2008 (Doc. No. 25) hereby admits, denies, and avers as follows.

**GENERAL ALLEGATIONS**

1. The allegations in the first two sentences of paragraph 1 are a characterization of Plaintiffs' Amended Complaint to which no response is required. Defendant denies that there has been an unconstitutional taking of Plaintiffs' property interests. In response to the third sentence of paragraph 1, Defendant avers that it is not aware of any such pending action or claim. Regarding the fourth sentence of paragraph 1, Defendant avers that the parties filed a Stipulation for Dismissal Pursuant to Rule 41 on May 4, 2005, which the Court adopted on the same date.

2. Defendant is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in paragraph 2.

3. Defendant is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in paragraph 3.

4. Admitted.

5. Admitted.

6. The allegations in paragraph 6 are characterizations of Plaintiffs' Amended Complaint and conclusions to law to which no response is required.

7. Defendant is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in paragraph 7.

8. Defendant is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in paragraph 8.

9. Defendant is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in paragraph 9.

10. Defendant is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in paragraph 10.

11. Admitted.

12. Defendant admits that the subject property was and is situated adjacent to the Mormon Channel and that its approximate location is depicted on the Assessor's Parcel Map attached to Plaintiff's Original Complaint as Exhibit A.[1/] Defendant is without knowledge

---

[1/] Plaintiff's Original Complaint, dated September 29, 2006, attached two exhibits: (1) Exhibit A, an Assessor's Parcel Map; and (2) Exhibit B, a map of the Old Mormon Channel. Plaintiffs' Amended Complaint references these same exhibits, but Plaintiffs did not include them as attachments. The United States' exhibit references, therefore, are to Plaintiff's Original Complaint.

or information sufficient to form a belief as to the truth or falsity of the remaining allegations in paragraph 12.

13. With respect to the first sentence of paragraph 13, Defendant admits that vessels have had access to the Mormon Channel. With respect to the second sentence of paragraph 13, Defendant avers that in 1986 Plaintiffs' predecessor-in-interest, the Dutra Group ("Dutra"), applied for a permit pursuant to the Rivers and Harbors Act, in order to obtain approval to perform dredging and to construct a sheet pile wall adjacent to the Maritime Center property in the Mormon Channel. Defendant is without knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in paragraph 13.

14. Defendant is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in paragraph 14.

15. Defendant is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in paragraph 15.

16. Defendant is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in paragraph 16.

17. Defendant is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in paragraph 17.

18. Defendant is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in paragraph 18. Defendant avers that the EPA has not interfered with Plaintiffs' access to and from Weber Avenue or Plaintiffs' marine access to the Mormon Channel in the area north of the permanent log boom, as depicted on Exhibit B to Plaintiff's Original Complaint.

19. Defendant is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in paragraph 19.

20. Defendant admits the first sentence of paragraph 20. With respect to the second and third sentences of paragraph 20, Defendant avers that, according to EPA's March 31, 1999 ROD, McCormick & Baxter Creosoting Company operated a wood treating facility at the Site from 1946 to 1991. EPA's ROD (and the other documents contained in the Administrative Record relative to the CERCLA process) is the best evidence of EPA's findings as to the history and nature of the operations at the Site, the resulting contaminations of soils, sediment and groundwater, as well as the history of the enforcement actions.

21. Denied. Defendant avers that it has conducted sampling on the north shore of the Mormon Channel, including sampling on the subject property in 2000, to determine whether contamination was present. Defendant has determined that, while one of the north shore samples showed a low level of dioxin, levels of contamination requiring remediation were not found on the Maritime Center property.

22. Admitted.

23. Defendant denies the allegation in the first sentence of paragraph 23 that "[o]n or about October 26, 2001, the defendant USA, through the EPA, notified the then-owner/seller [Dutra] of the Maritime Center property of its intention to install environmental remediation improvements on and adjacent to the Maritime Center property to address allegedly contaminated sediment in the Mormon Channel." Defendant avers that EPA's Proposed Plan for remediation of the M&B Site was the subject of public notice and comment, commencing in September 1998. In addition, the March 31, 1999 ROD includes EPA's response to comments

as well as the selected remedial action. Further, EPA representatives met with Dutra, former owner of the subject property, and discussed the remediation plan including the plan for a permanent log boom on September 22, 1999. Defendant denies the allegations of the second, third, and fourth sentences of this paragraph and states that EPA's ROD (and the other documents contained in the Administrative Record relative to the CERCLA process) is the best evidence of EPA's findings as to the history and nature of the operations at the Site, the resulting contaminations of soils, sediment and groundwater, as well as the history of the enforcement actions. Defendant avers that the language quoted in the third sentence is taken from EPA's March 31, 1999 ROD, and relates to an area outside of the area to which navigational access has been restricted. Defendant is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in the fifth sentence of paragraph 23.

24. The allegations of paragraph 23 are denied. Defendant avers that it has taken steps to implement the 1999 ROD by using a temporary silt curtain, a permanent log boom, and placement of a sand cap over a portion of the Mormon Channel. The remaining allegations in paragraph 24 are conclusions of law to which no response is required. To the extent that matters of fact have been alleged, they are denied.

25. In response to the first sentence of paragraph 25, Defendant avers that EPA's remediation efforts have included placement of a permanent log boom, which is designed to restrict marine access to and from portions of the Mormon Channel, including a portion adjacent to the subject property. In response to the second sentence of paragraph 25, Defendant avers that the approximate location of the permanent log boom is depicted on Exhibit B to Plaintiff's Original Complaint. In response to the third sentence of paragraph 25, Defendant avers that the

permanent log boom prevents marine access to a portion of the Mormon Channel lying southeast of the log boom. In response to the fourth sentence of paragraph 24, Defendant avers that Exhibit B to Plaintiff's Original Complaint is the best evidence of its contents, and Defendant admits the statement to the extent it is consistent with that document.

26. Defendant admits the allegation contained in the first two sentences of paragraph 26. Defendant denies the allegations contained in the \third, fourth and fifth sentences of paragraph 26.

27. The allegations in paragraph 27 are conclusions of law to which no response is required. To the extent that matters of fact are alleged, they are denied.

28. Defendant avers that the 1999 ROD for the M&B Site considered and rejected both a "no action" alternative and other possible remediation actions. In response to the factual allegations contained in paragraph 28, Defendant avers that EPA determined an appropriate remedy and is in the process of implementing that remedy. The legal allegations and characterizations of Plaintiffs' claim do not require a response. To the extent a response is required, those allegations are characterizations are denied.

29. Defendant denies the allegations in the first sentence of paragraph 29, except that Defendant admits it implemented the first phase of construction of the remediation of the Mormon Channel in October 2002. The first phase of construction, however, ended in December 2002. Defendant denies the accuracy of the allegations in sentence 2 to the extent that it misstates the reasons that EPA delayed completion of the sediment remedy in the Mormon Channel. Defendant avers that EPA did not fully implement Phase II of the remediation until July 2006 due to difficulties relocating a boat owner, who had been living on a vessel in the

Mormon Channel. With respect to the third sentence of paragraph 29, Defendant admits that a permanent log boom was installed on or about September 2006.

30. In response to the first sentence of paragraph 30, Defendant avers that the EPA commenced installation of the sand cap and permanent log boom in the Mormon Channel on or about July 1, 2006, and that Plaintiffs have not had navigational access to the capped portion of the Channel from that time forward. Defendant denies the second and third sentences of paragraph 30.

## FIRST CAUSE OF ACTION

31. Paragraph 31 simply incorporates all of the prior allegations of the Amended Complaint, paragraphs 1-29. Defendant incorporates its answers to these allegations, as stated above.

32. Admitted.

33. The allegations of paragraph 33 are conclusions of law to which no response is required. To the extent that matters of fact are alleged, they are denied.

34. The allegations of paragraph 34 are conclusions of law to which no response is required. To the extent that matters of fact are alleged, they are denied.

35. The allegations of paragraph 35 are conclusions of law to which no response is required. To the extent that matters of fact are alleged, they are denied.

36. The allegations of paragraph 36 are Plaintiffs' characterizations of their case, to which no response is required. To the extent that matters of fact are alleged, they are denied.

37. In response to the allegations in paragraph 37, Defendant admits only that it has paid no compensation to Plaintiffs. Defendant avers that it made repeated efforts to work with

Dutra, Plaintiffs' predecessor-in-interest, to determine whether EPA could mitigate any alleged impacts on Dutra's business interests in the subject property. EPA also met with Plaintiffs' representatives in January 2003 in order to determine, *inter alia*, whether, consistent with activities necessary to address the threat from the M&B property, EPA could in any way mitigate any alleged impacts on Plaintiffs' business interests in the subject property.

All allegations of the complaint that have not been specifically admitted or otherwise answered are hereby denied.

**FIRST DEFENSE**

The complaint fails to state a claim upon which relief can be granted.

**SECOND DEFENSE**

Plaintiffs' claim is barred by the Anti-Assignment Act, 31 U.S.C. § 3727 (2002).

**THIRD DEFENSE**

Plaintiffs do not own the property rights that they allege have been taken.

**FOURTH DEFENSE**

The actions of the United States were taken to abate a nuisance or were taken within other preexisting limitations on Plaintiffs' property rights.

**FIFTH DEFENSE**

The actions taken by the United States were within the scope of its navigational servitude.

**SIXTH DEFENSE**

Plaintiffs lacks standing to bring this lawsuit.

**SEVENTH DEFENSE**

To the extent Plaintiffs intends to allege their claim was triggered by some government action that occurred prior to September 19, 2000, such a claim is barred by the statute of limitations. 25 U.S.C. § 2501.

WHEREFORE, Defendant respectfully requests that this Court enter an order:

1. Dismissing the complaint with prejudice; and

2. Granting the United States such other relief as the Court may deem just and proper.

Dated: February 5, 2008

Respectfully submitted,

RONALD J. TENPAS
Assistant Attorney General
United States Department of Justice
Environment & Natural Resources Division

s/ William J. Shapiro
WILLIAM J. SHAPIRO
Environment & Natural Resources Division
Natural Resources Section
United States Department of Justice
501 I Street
Suite 9-700
Sacramento, CA 95814
TEL: (916) 930-2207
FAX: (916) 930-2210
E-mail: william.shapiro@usdoj.gov

*Attorney for Defendant United States*

Of Counsel:
Laurie Williams
Assistant Regional Counsel
U.S. Environmental Protection Agency