John H. Patton, California SBN 069261
Matthew K. Wisinski, California SBN 195535
SHAPIRO BUCHMAN PROVINE & PATTON LLP
1333 North California Boulevard, Suite 350
Walnut Creek, CA 94596
Telephone: (925) 944-9700
Facsimile: (925) 944-9701
E-mail: jpatton@sbllp.com

Attorneys for Plaintiff CRV Enterprises, Inc.
and C. Ryan Voorhees

**IN THE UNITED STATES COURT OF FEDERAL CLAIMS**

| | |
|---|---|
| **CRV ENTERPRISES, INC., a California corporation, C. Ryan Voorhees, an individual,**<br><br>Plaintiffs,<br><br>vs.<br><br>**THE UNITED STATES OF AMERICA,**<br><br>Defendant. | No. 06-660L<br><br>**NOTICE OF MOTION AND MOTION OF PLAINTIFFS CRV ENTERPRISES, INC. AND C. RYAN VOORHEES' FOR ORDER GRANTING INTERLOCUTORY SUMMARY JUDGMENT ON LIABILITY ISSUES, DETERMINING THE OCCURRENCE OF A COMPENSABLE GOVERNMENT TAKING OF PRIVATE PROPERTY [RCFC 56(c)]**<br><br>Date: To be assigned by Court<br>Judge George W. Miller |

**MOTION FOR ORDER GRANTING INTERLOCUTORY SUMMARY JUDGMENT ON LIABILITY ISSUES, DETERMINING THE OCCURRENCE OF A COMPENSABLE GOVERNMENT TAKING OF PRIVATE PROPERTY [RCFC 56(c)]**

**TO ALL PARTIES AND TO THEIR ATTORNEYS OF RECORD:**

**PLEASE TAKE NOTICE THAT** pursuant to Rule 56(c) of the Rules of the United States Court of Claims (RCFC), plaintiffs CRV Enterprises, Inc. and C. Ryan Voorhees, hereby respectfully move the Court for entry of an Order granting plaintiffs CRV Enterprises, Inc. and C. Ryan Voorhees summary judgment on the issue of

liability, establishing a compensable taking of private property under the 5th Amendment of the Constitution of the United States of America.

Said motion is made and based upon the following grounds, as well as those grounds more particularly set forth in all of the papers served and filed in support of said motion:

1. Plaintiffs are the owners of the Subject Property (more particularly described in the accompanying moving papers), located in Stockton, California.

2. At all times prior to the actions of defendant United States of America ("the Government") giving rise to this action, the Subject Property enjoyed valuable and protectable maritime, littoral, and riparian access and rights to a navigable body of water, the Old Mormon Slough ("OMS").

3. In 2002 and 2004, plaintiffs acquired their ownership and rights in the Subject Property for the purpose of developing same into a marina-type property.

4. In 2006, and pursuant to its activities concerning the former operations of the McCormick & Baxter Creosoting Company ("M&B") at property across the OMS from the Subject Property, the Government, through its agency, the U.S. Environmental Protection Agency ("USEPA") installed physical improvements within the OMS, as part of its Superfund Project for the M&B site.

5. The Government's physical improvements within the OMS take and deprive the Subject Property of a substantial portion of its use and value as a maritime property, by physically dispossessing the majority of the Subject Property and the majority of its foreshore, of all maritime, littoral, and riparian uses and access, significantly impairing the fair market value of the Subject Property.

6. The Government's taking was for a public use and purpose, as part of its Superfund Project for the M&B site.

7. The Government's taking was done for remedial environmental purposes and not in the exercise of its navigational servitude, but rather in contradiction to any navigational purpose.

This motion is made and based on this Notice of Motion, on the Declarations of C. Ryan Voorhees and John H. Patton, on the Proposed Findings of Uncontroverted Facts, and on the Memorandum of Points and Authorities served and filed herewith, on the pleadings, papers and records on file in the above-entitled action, and on such additional argument, papers, and evidence as may hereinafter be submitted. A copy of plaintiffs' requested Order is attached hereto.

Dated: April 11, 2008

Respectfully Submitted,

SHAPIRO BUCHMAN PROVINE & PATTON LLP

By: ______________________________
John H. Patton
Attorneys for Plaintiffs CRV Enterprises, Inc. and C. Ryan Voorhees

206608.1

John H. Patton, California SBN 069261
Matthew K. Wisinski, California SBN 195535
SHAPIRO BUCHMAN PROVINE & PATTON LLP
1333 North California Boulevard, Suite 350
Walnut Creek, CA 94596
Telephone: (925) 944-9700
Facsimile: (925) 944-9701
E-mail: jpatton@sbllp.com

Attorneys for Plaintiff CRV Enterprises, Inc.
and C. Ryan Voorhees

**IN THE UNITED STATES COURT OF FEDERAL CLAIMS**

**CRV ENTERPRISES, INC.**, a **California corporation, C. Ryan Voorhees, an individual,**

Plaintiffs,

vs.

**THE UNITED STATES OF AMERICA,**

Defendant.

No. 06-660L

[PROPOSED]

**ORDER GRANTING PLAINTIFFS CRV ENTERPRISES, INC. AND C. RYAN VOORHEES' MOTION FOR INTERLOCUTORY SUMMARY JUDGMENT ON LIABILITY ISSUES, DETERMINING THE OCCURRENCE OF A COMPENSABLE GOVERNMENT TAKING OF PRIVATE PROPERTY [RCFC 56(c)]**

Date: To be assigned by Court
Judge George W. Miller

**ORDER**

The motion of plaintiffs CRV Enterprises, Inc. and C. Ryan Voorhees for entry of an Order pursuant to RCFC 56(c) granting summary judgment on the issue of liability establishing a compensable taking of private property, came on regularly for hearing in the above entitled Court on ____________________, 2008, before the Honorable George W. Miller.

Plaintiffs appeared at hearing by their counsel of record, John H. Patton; the defendant United States of America appeared by its counsel of record, William J. Shapiro. The Court having read and considered the pleadings, papers and evidence submitted in support of and in opposition to the motion, the matter having been argued and submitted, and good cause appearing therefore, now, therefore,

**IT IS HEREBY ORDERED THAT PLAINTIFFS' MOTION IS GRANTED, as follows:**

The Court finds that the following facts and matters are without material controversy:

1. Plaintiffs are the owners of the Subject Property (more particularly described in plaintiffs' moving papers), located in Stockton, California.

2. At all times prior to the actions of defendant United States of America ("the Government") giving rise to this action, the Subject Property enjoyed valuable and protectable maritime, littoral, and riparian access and rights to a navigable body of water, the Old Mormon Slough ("OMS").

3. In 2002 and 2004, plaintiffs acquired their ownership and rights in the Subject Property for the purpose of developing same into a marina-type property.

4. In 2006, and pursuant to its activities concerning the former operations of the McCormick & Baxter Creosoting Company ("M&B") at property across the OMS from the Subject Property, the Government, through its agency, the U.S. Environmental Protection Agency ("USEPA") installed physical improvements within the OMS, as part of its Superfund Project for the M&B site.

5. The Government's physical improvements within the OMS take and deprive the Subject Property of a substantial portion of its use and value as a maritime property, by physically dispossessing the majority of the Subject Property

and the majority of its foreshore, of all maritime, littoral, and riparian uses and access, significantly impairing the fair market value of the Subject Property.

6. The Government's taking was for a public use and purpose, as part of its Superfund Project for the M&B site.

7. The Government's taking was done for remedial environmental purposes and not in the exercise of its navigational servitude, but rather in contradiction to any navigational purpose.

The Court also adopts the facts set forth in plaintiffs' Proposed Findings of Uncontroverted Facts as being without material controversy.

Summary Judgment in favor of plaintiffs on the issue of liability is appropriate pursuant to Rule 56(c) of the Rules of this Court, and plaintiffs are hereby granted summary judgment on the issues of liability herein, determining that plaintiffs are entitled to receive just compensation from the defendant for the taking of plaintiffs' property pursuant to the Fifth Amendment of the United States Constitution.

The Court further orders the parties to meet and confer, and on or before ___________________, 2008, to submit to the Court a further Joint Status Report setting forth their recommendations for discovery and scheduling for the disposition of the damage (just compensation) issues in the above-entitled matter.

Dated: ________________________, 2008.

_________________________________
George W. Miller
JUDGE OF THE UNITED STATES
COURT OF FEDERAL CLAIMS

208133.1