John H. Patton, California SBN 069261
Matthew K. Wisinski, California SBN 195535
SHAPIRO BUCHMAN PROVINE & PATTON LLP
1333 North California Boulevard, Suite 350
Walnut Creek, CA 94596
Telephone: (925) 944-9700
Facsimile: (925) 944-9701
E-mail: jpatton@sbllp.com

Attorneys for Plaintiff CRV Enterprises, Inc.
and C. Ryan Voorhees

**IN THE UNITED STATES COURT OF FEDERAL CLAIMS**

| | |
|---|---|
| **CRV ENTERPRISES, INC., a California corporation, C. Ryan Voorhees, an individual,**<br><br>Plaintiffs,<br><br>vs.<br><br>**THE UNITED STATES OF AMERICA,**<br><br>Defendant. | No. 06-660L<br><br>**DECLARATION OF JOHN H. PATTON IN SUPPORT OF PLAINTIFFS CRV ENTERPRISES, INC. AND C. RYAN VOORHEES' MOTION FOR ORDER GRANTING INTERLOCUTORY SUMMARY JUDGMENT ON LIABILITY ISSUES, DETERMINING THE OCCURRENCE OF A COMPENSABLE GOVERNMENT TAKING OF PRIVATE PROPERTY [RCFC 56(c)]**<br><br>Date: To be assigned by the Court<br>Judge George W. Miller |

**DECLARATION OF C. RYAN VOORHEES**

I, John H. Patton, state and declare as follows:

1. I am a an attorney at law licensed to practice before the Court of Federal Claims, and a partner of Shapiro Buchman Provine & Patton, LLP, attorneys of record for plaintiffs CRV Enterprises, Inc. and C. Ryan Voorhees in the above-entitled action. I make this Declaration in support of plaintiffs' motion for interlocutory summary judgment on liability issues, establishing that a compensable

government taking of private property has occurred in this case. I have personal knowledge of the facts stated herein, except for those matters that are stated on information and belief, and as to those matters I am informed and believe that they are true and correct.

2. On behalf of plaintiffs, I have conducted discovery in the above-entitled action, including conducting the deposition of Marie Lacey, the Regional Project Manager for Region IX of the U.S. Environmental Protection Agency ("USEPA") on October 23, 2007. Attached hereto, marked Exhibit 1, and incorporated herein by reference, are true and correct copies of relevant portions of the deposition transcript for the deposition of Marie Lacey, taken October 23, 2007. The attached portions (Ex. 1) are the deposition testimony given by Ms. Lacey referred to below in this Declaration.

3. Attached hereto, marked Exhibit 2, and incorporated herein by reference are copies of internet web pages from the USEPA's official website, which was marked Exhibit 1 to Ms. Lacey's deposition. At her deposition, Ms. Lacey testified that the webpage's statement, "The mission of the Environmental Protection Agency is to protect human health and the environment," was consistent with her understanding of the mission of the USEPA. Ms. Lacey's deposition testimony containing such testimony is included as part of Exhibit 1 attached to this Declaration (see Page 18).

4. At her deposition, Ms. Lacey testified that the site in Stockton, California formerly operated by the McCormick & Baxter Creosoting Company ("M&B site") was designated on the USEPA's National Priorities List in 1992, and she thereafter became the USEPA's remedial project manager for its M&B Project, some time after M&B had shut down its creosoting operations, and that she had observed vessels in the OMS. Ms. Lacey's deposition testimony containing such

testimony is included as part of Exhibit 1 attached to this Declaration (see Pages 15, 17, 18, 23).

5. For the Court's general orientation, attached hereto, marked Exhibit 3, and incorporated herein by reference, is a Google™ map depicting Northern California, including the relative locations of Stockton, the San Joaquin River, and the San Joaquin Delta area, that flows into Susuin Bay. Attached hereto, marked Exhibit 4, and incorporated herein by reference, is a smaller scale Google™ map depicting greater Northern California, including the relative locations of Stockton, and the San Francisco Bay and Pacific Ocean.

6. At her deposition, Ms. Lacey testified that the USEPA conducted site sampling to determine whether there was contamination at the Subject Property, and as a result, the USEPA did not find any evidence of contamination at the Subject Property emanating from the M&B Site. Ms. Lacey's deposition testimony containing such testimony is included as part of Exhibit 1 attached to this Declaration (see Pages 45-46).

7. Attached hereto, marked Exhibit 5, and incorporated herein by reference, is a true and correct copy of a USEPA Superfund Description Report/Site Description for the M&B Site that was taken from the USEPA's official website, and marked Exhibit 8 to Ms. Lacey's deposition. At her deposition, Ms. Lacey testified that she believed that this Site Description had been prepared by the USEPA. Ms. Lacey's deposition testimony containing such testimony is included as part of Exhibit 1 attached to this Declaration (see Page 33).

8. At her deposition, Ms. Lacey testified that the USEPA considered various alternative actions to address sediment contamination in the Old Mormon Slough ("OMS"), including no action, dredging contaminants from a portion of the OMS sediment and capping the remainder, dredging all contaminants from the OMS

sediment, and the alternative that was ultimately selected, capping the sediment and closing off the OMS with a permanent log boom, leaving the contamination in place. Attached hereto, marked Exhibit 6, and incorporated herein by reference is a true and correct copy of Exhibit 12 to the Lacey Deposition, which Ms. Lacey identified as a chapter from a feasibility analysis for evaluation of the various sediment alternatives considered by the USEPA for the OMS. Ms. Lacey's deposition testimony containing such testimony is included as part of Exhibit 1 attached to this Declaration (see Pages 25-26, 53).

9. At her deposition, Ms. Lacey testified that the concept behind placing the 2'-thick sand cap over the sediment in the OMS was to prevent contaminants from migrating. Ms. Lacey's deposition testimony containing such testimony is included as part of Exhibit 1 attached to this Declaration (see Page 59).

10. At her deposition, Ms. Lacey testified that the function of the log boom was to protect the sand cap once it was in place by keeping boat traffic out of the OMS. Ms. Lacey's deposition testimony containing such testimony is included as part of Exhibit 1 attached to this Declaration (see Pages 65-66, 126-27).

11. Attached hereto, marked Exhibit 7, and incorporated herein by reference is a true and correct copy of Exhibit 14 to the Lacey Deposition, which Ms. Lacey identified as the Alternative SD-2 (In Situ Capping), the alternative that the USEPA selected and installed in the OMS, which depicts the approximate locations of the USEPA's improvements installed within the OMS (log boom and sand cap). Ms. Lacey's deposition testimony containing such testimony is included as part of Exhibit 1 attached to this Declaration (see Pages 65-66).

12. At her deposition, Ms. Lacey testified that the USEPA did not give consideration to the impact that installation of the USEPA's improvements might have upon businesses on the OMS, and that the USEPA did not itself conduct any

studies to determine the potential impact of boat traffic, if any, on the sand cap in the OMS. Ms. Lacey's deposition testimony containing such testimony is included as part of Exhibit 1 attached to this Declaration (see Pages 66-68, 108-109, 114-15).

13. Attached hereto, marked Exhibit 8, and incorporated herein by reference, is a true and correct copy of Lacey Deposition Exhibit 18. At her deposition, Ms. Lacey testified that this document (Ex. 6 attached) was a document comparing the various benefits and drawbacks of the various alternatives that the USEPA considered to address contaminants in the sediment bottom of the OMS. Ms. Lacey's deposition testimony containing such testimony is included as part of Exhibit 1 attached to this Declaration (see Pages 92-95).

14. Attached hereto, marked Exhibit 9, and incorporated herein by reference, is a true and correct copy of Lacey Deposition Exhibit 21. At her deposition, Ms. Lacey testified that this document (Ex. 7 attached) was a USEPA Fact Sheet issued in July of 1999 concerning the M&B Site which she was involved in preparing, and that it accurately reflected the date of issuance of the USEPA's Record of Decision as being March 31, 1999. Ms. Lacey's deposition testimony containing such testimony is included as part of Exhibit 1 attached to this Declaration (see Pages 103-104).

15. At her deposition, Ms. Lacey testified that the USEPA has not come up with any timetable for when, if ever, fish or shellfish harvesting can be restored to the OMS. Ms. Lacey's deposition testimony containing such testimony is included as part of Exhibit 1 attached to this Declaration (see Page 100).

16. At her deposition, Ms. Lacey testified that the USEPA determined that the total cost of partial dredging of the OMS to permit continued maritime use of that portion of the OMS would cost more than 11 times what it would cost to install the sand cap in the OMS and simply bury any contaminants. Ms. Lacey's deposition

testimony containing such testimony is included as part of Exhibit 1 attached to this Declaration (see Pages 108-109).

17. Attached hereto, marked Exhibit 10, and incorporated herein by reference, is a true and correct copy of Lacey Deposition Exhibit 28. At her deposition, Ms. Lacey testified that this document (Ex. 8 attached) was a USEPA Fact Sheet issued in February of 2006 concerning the M&B Site, which she was involved in preparing. This Fact Sheet discusses the USEPA's plans to install the sediment cap over about ¾ of the OMS, and states "a log boom will be installed at the outer end of the slough to prevent boat traffic from entering and damaging the cap." Ms. Lacey's deposition testimony containing such testimony is included as part of Exhibit 1 attached to this Declaration (see Pages 122-23).

18. At her deposition, Ms. Lacey testified that the USEPA had not conducted any analysis as to when, if ever, the log boom could be removed from the OMS, and that no one at the USEPA could state when it would be removed. Ms. Lacey's deposition testimony containing such testimony is included as part of Exhibit 1 attached to this Declaration (see Page 128).

19. Attached hereto, marked Exhibit 11, and incorporated herein by reference, is a true and correct copy of a News Release dated August 18, 2006, from the USEPA's website for Region 9 (the region including the Subject Property). This news release establishes that as of August 18, 2006, work was about to begin on the construction of the Government's sand cap over the sediment in the OMS, and that by 2002, the USEPA had "stabilized the southern shoreline of the slough to prevent contaminated soil along the bank from eroding into the slough," including "installing bank protection material and building a new berm with clean fill material."

20. I declare under penalty of perjury under the laws of the United States of America, that the foregoing is true and correct and of my own personal

knowledge, except as to those matters stated on information and belief, and as to those matters, I believe them to be true and correct.

Executed this 9th day of April, at Walnut Creek, California.

John H. Patton

208119.1