John H. Patton, California SBN 069261
Matthew K. Wisinski, California SBN 195535
SHAPIRO BUCHMAN PROVINE & PATTON LLP
1333 North California Boulevard, Suite 350
Walnut Creek, CA 94596
Telephone: (925) 944-9700
Facsimile: (925) 944-9701
E-mail: jpatton@sbllp.com

Attorneys for Plaintiff CRV Enterprises, Inc.
and C. Ryan Voorhees

**IN THE UNITED STATES COURT OF FEDERAL CLAIMS**

| | |
|---|---|
| **CRV ENTERPRISES, INC., a California corporation, C. Ryan Voorhees, an individual,**<br><br>Plaintiffs,<br><br>vs.<br><br>**THE UNITED STATES OF AMERICA,**<br><br>Defendant. | No. 06-660L<br><br>**PROPOSED FINDINGS OF UNCONTROVERTED FACTS IN SUPPORT OF PLAINTIFFS CRV ENTERPRISES, INC. AND C. RYAN VOORHEES' MOTION FOR ORDER GRANTING INTERLOCUTORY SUMMARY JUDGMENT ON LIABILITY ISSUES, DETERMINING THE OCCURRENCE OF A COMPENSABLE GOVERNMENT TAKING OF PRIVATE PROPERTY [RCFC 56(c)]**<br><br>Date: To be assigned by Court<br>Judge George W. Miller |

## PROPOSED FINDINGS OF UNCONTROVERTED FACTS

Pursuant to Rule 56(h)(1) of the Rules of the Court of Federal Claims ("RCFC"), plaintiffs CRV Enterprises, Inc. and C. Ryan Voorhees, submit the following Proposed Findings of Uncontroverted Facts in support of their motion for interlocutory summary judgment on liability issues:

| Item | Uncontroverted Material Facts | Supporting Evidence |
| --- | --- | --- |
| 1. | Plaintiffs C. Ryan Voorhees and CRV Enterprises, Inc. ("CRV") are a private person and corporation who are residents of the State of California. | Voorhees Dec., ¶¶ 2, 3. |
| 2. | Plaintiff C. Ryan Voorhees and his wife have at all times been the sole shareholder/owners of plaintiff CRV, and C. Ryan Voorhees has at all times been the principal officer and manager of that company. | Voorhees Dec., ¶ 3. |
| 3. | The property that it the subject of this action is situated in the City of Stockton, California, to the north of a body of water known as the "Old Mormon Slough" ("OMS"), and is legally described as San Joaquin County Assessor's Parcel No. 145-190-08, ("the Subject Property"). | Voorhees Dec., ¶¶ 4, 5, Exs. 1, 2; USA Answer, ¶ 12. |
| 4. | At all times prior to the Government's actions within the OMS that are the subject of this action, the OMS provided marine access and egress to and from the Subject Property, including the ability to dock vessels, to and from the Stockton Deep Water Channel ("SDWC") in the San Joaquin River, which flows through the San Joaquin Delta into the San Francisco Bay, and then ultimately into the Pacific Ocean. | Voorhees Dec., ¶¶ 8, 9, Exs. 3A & 3B; USA Answer, ¶ 13. |
| 5. | On October 2, 2000, and in exchange for valuable monetary consideration, plaintiff CRV acquired option rights to purchase the Subject Property at a price of $1,315,000, including all property rights and appurtenances thereto. | Voorhees Dec., ¶¶ 12, 13, Ex. 4. |
| 6. | On November 8, 2002, pursuant to the terms of the option agreement as amended, and in exchange for valuable monetary consideration plaintiff CRV acquired fee title to the Subject Property, including all property rights and appurtenances thereto. | Voorhees Dec., ¶18, Ex. 6. |
| 7. | On October 11, 2004, plaintiff CRV conveyed the Subject Property, along with adjacent properties that are not the subject of this claim, to plaintiff C. Ryan Voorhees, including all property rights and appurtenances thereto. | Voorhees Dec., ¶ 19; Ex. 7. |

| Item | Uncontroverted Material Facts | Supporting Evidence |
|---|---|---|
| 8. | At all times when plaintiffs CRV and C. Ryan Voorhees acquired their interests in the Subject Property, and at all times prior to the Government's actions within the OMS that are the subject of this action, plaintiffs intended to use, and sought to develop, the Subject Property as a "marina" property, featuring navigable maritime access to the property, and docking of vessels at the property, by use of the OMS, and its connection to the SDWC. These access rights were valuable appurtenances to the bundle of rights that were acquired with the Subject Property, and increase its use and value. | Voorhees Dec., ¶¶ 5-18; Exs. 3A & 3B, 5. |
| 9. | At all times after plaintiffs CRV and C. Ryan Voorhees acquired the Subject Property, and at all times prior to the Government's actions within the OMS that are the subject of this action, plaintiffs, and their invitees and licensees, freely used the OMS for marine access and the docking of vessels, without interference or assertion of any superior right in the OMS by any governmental entity, state or federal. | Voorhees Dec., ¶ 29. |
| 10. | The Environmental Protection Agency ("EPA") is a governmental agency of the defendant United States of America ("USA") (collectively, "the Government"). | Patton Dec., Ex. 2. |
| 11. | The former operational site of the McCormick & Baxter Creosoting Company ("M&B site") is situated to the south of the OMS, across the OMS from the Subject Property. | Voorhees Dec., ¶ 20; Exs. 1, 2; Patton Dec., Exs. 5, 7. |
| 12. | Prior to 2000, the Government determined that the M&B site was a source of substantial contamination, requiring remedial action by the Government to address such contamination. | Patton Dec., Ex. 5. |

| Item | Uncontroverted Material Facts | Supporting Evidence |
| --- | --- | --- |
| 1. | Plaintiffs C. Ryan Voorhees and CRV Enterprises, Inc. ("CRV") are a private person and corporation who are residents of the State of California. | Voorhees Dec., ¶¶ 2, 3. |
| 2. | Plaintiff C. Ryan Voorhees and his wife have at all times been the sole shareholder/owners of plaintiff CRV, and C. Ryan Voorhees has at all times been the principal officer and manager of that company. | Voorhees Dec., ¶ 3. |
| 3. | The property that it the subject of this action is situated in the City of Stockton, California, to the north of a body of water known as the "Old Mormon Slough" ("OMS"), and is legally described as San Joaquin County Assessor's Parcel No. 145-190-08, ("the Subject Property"). | Voorhees Dec., ¶¶ 4, 5, Exs. 1, 2; USA Answer, ¶ 12. |
| 4. | At all times prior to the Government's actions within the OMS that are the subject of this action, the OMS provided marine access and egress to and from the Subject Property, including the ability to dock vessels, to and from the Stockton Deep Water Channel ("SDWC") in the San Joaquin River, which flows through the San Joaquin Delta into the San Francisco Bay, and then ultimately into the Pacific Ocean. | Voorhees Dec., ¶¶ 8, 9, Exs. 3A & 3B; USA Answer, ¶ 13. |
| 5. | On October 2, 2000, and in exchange for valuable monetary consideration, plaintiff CRV acquired option rights to purchase the Subject Property at a price of $1,315,000, including all property rights and appurtenances thereto. | Voorhees Dec., ¶¶ 12, 13, Ex. 4. |
| 6. | On November 8, 2002, pursuant to the terms of the option agreement as amended, and in exchange for valuable monetary consideration plaintiff CRV acquired fee title to the Subject Property, including all property rights and appurtenances thereto. | Voorhees Dec., ¶18, Ex. 6. |
| 7. | On October 11, 2004, plaintiff CRV conveyed the Subject Property, along with adjacent properties that are not the subject of this claim, to plaintiff C. Ryan Voorhees, including all property rights and appurtenances thereto. | Voorhees Dec., ¶ 19; Ex. 7. |

| Item | Uncontroverted Material Facts | Supporting Evidence |
|---|---|---|
| | | |
| 8. | At all times when plaintiffs CRV and C. Ryan Voorhees acquired their interests in the Subject Property, and at all times prior to the Government's actions within the OMS that are the subject of this action, plaintiffs intended to use, and sought to develop, the Subject Property as a "marina" property, featuring navigable maritime access to the property, and docking of vessels at the property, by use of the OMS, and its connection to the SDWC. These access rights were valuable appurtenances to the bundle of rights that were acquired with the Subject Property, and increase its use and value. | Voorhees Dec., ¶¶ 5-18; Exs. 3A & 3B, 5. |
| | | |
| 9. | At all times after plaintiffs CRV and C. Ryan Voorhees acquired the Subject Property, and at all times prior to the Government's actions within the OMS that are the subject of this action, plaintiffs, and their invitees and licensees, freely used the OMS for marine access and the docking of vessels, without interference or assertion of any superior right in the OMS by any governmental entity, state or federal. | Voorhees Dec., ¶ 29. |
| | | |
| 10. | The Environmental Protection Agency ("EPA") is a governmental agency of the defendant United States of America ("USA") (collectively, "the Government"). | Patton Dec., Ex. 2. |
| | | |
| 11. | The former operational site of the McCormick & Baxter Creosoting Company ("M&B site") is situated to the south of the OMS, across the OMS from the Subject Property. | Voorhees Dec., ¶ 20; Exs. 1, 2; Patton Dec., Exs. 5, 7. |
| | | |
| 12. | Prior to 2000, the Government determined that the M&B site was a source of substantial contamination, requiring remedial action by the Government to address such contamination. | Patton Dec., Ex. 5. |

| Item | Uncontroverted Material Facts | Supporting Evidence |
|---|---|---|
| 13. | On March 31, 1999, unknown to plaintiffs, the Government issued a Record of Decision, providing for certain remedial actions by the Government to address contamination at the M&B site. | Lacey Deposition, pp. 103-04 (Ex. 1 to Patton Dec.); Patton Dec., Exs.5, 9; Voorhees Dec., ¶¶ 21-28; USA Answer, ¶ 20 |
| 14. | In the Record of Decision, and otherwise, the Government also provided for certain remedial actions within the OMS, including: a) placement of a subsurface sand cap over the sediment bottom of the OMS; and b) installation of a permanent log boom across the OMS near its mouth ("the improvements"). | Patton Dec., Exs. 7, 9, 10; USA Answer ¶ 23. |
| 16. | The Government's purpose in placing the subsurface sand cap over the sediment bottom of the OMS, ostensibly was to prevent contaminants in the OMS sediment bottom from migrating from the OMS into the SDWC. | Lacey Deposition, p. 59 (Ex. 1 to Patton Dec.); Patton Dec., Exs. 7, 9, 10. |
| 17. | The Government's purpose in erecting the permanent log boom across the OMS, ostensibly was to prevent marine vessels from potentially disturbing the subsurface sand cap that was part of the Government's remedial action within the OMS. | Lacey Deposition, pp. 65-66, 126-27 (Ex. 1 to Patton Dec.); Patton Dec., Ex. 10. |
| 18. | On or about September of 2006, the Government installed its improvements within the OMS, occupying the OMS. | Voorhees Dec., ¶ 29, Exs. 9-12; Patton Dec., Ex. 11; USA Answer, ¶¶ 24, 29, 30. |
| 19. | Since installation, the improvements act as a physical barrier to occupy the OMS and prevent any marine vessels from entering or accessing the OMS, and preventing any marine vessels from traveling to or from, docking at, or loading and unloading at the Subject Property, except only a small portion located to the northwest of the improvements. | Lacey Deposition, pp. 126-27 (Ex. 1 to Patton Dec.); Voorhees Dec., ¶¶ 20-36, Exs. 9-12; USA Answer, ¶ 30. |

| Item | Uncontroverted Material Facts | Supporting Evidence |
|---|---|---|
| | | |
| 20. | Since installation, the Government's improvements physically bar virtually all marine uses of the Subject Property and the OMS, except only a small portion located to the northwest of the improvements. | Voorhees Dec., ¶¶ 20-36, Exs. 9-12; USA Answer, ¶ 30. |
| | | |
| 21. | The Government's actions within the OMS have, since installation, physically taken virtually all littoral, riparian, and marine rights and uses of the Subject Property, and deprived the Subject Property of those uses. | Voorhees Dec., ¶¶ 20-36, Exs. 9-12; USA Answer, ¶ 30. |
| | | |
| 22. | The Government's actions within the OMS physically depriving the Subject Property of virtually all littoral, riparian, and marine rights and uses, have significantly reduced the use and value of the Subject Property. | Voorhees Dec., ¶¶ 20-36, Exs. 9-12; USA Answer, ¶ 30. |
| | | |
| 23. | The Government has refused to justly compensate plaintiffs C. Ryan Voorhees and CRV for its actions physically depriving the Subject Property of virtually all littoral, riparian, and marine rights and uses, or for the loss in value to the Subject Property resulting from that physical deprivation. | Voorhees Dec., ¶ 37; USA Answer, ¶ 37. |
| | | |
| 24. | The Government's permanent improvements within the OMS constitute Government Superfund cleanup measures that physically occupy and take the OMS where situated. | Patton Dec., Exs. 2, 7, 9, 10. |
| | | |
| 25. | The Government's installation of permanent improvements within the OMS does not in any way assist or facilitate navigation within the OMS; rather, such installation has destroyed the navigability of the OMS. | Lacey Deposition, pp. 126-27 (Ex. 1 to Patton Dec.); Patton Dec., Exs. 2, 7, 9, 10: Voorhees Dec., ¶¶ 20-36, Exs. 9-12; USA Answer, ¶ 30. |

Dated: April 11, 2008

Respectfully Submitted,

SHAPIRO BUCHMAN PROVINE & PATTON, LLP

By: ______________________________
John H. Patton
Attorneys for Plaintiffs CRV Enterprises, Inc. and C. Ryan Voorhees

207448.1