**IN THE UNITED STATES COURT OF FEDERAL CLAIMS**

| | |
|---|---|
| CRV ENTERPRISES, INC. and<br>C. RYAN VOORHEES,<br><br>Plaintiffs,<br><br>v.<br><br>THE UNITED STATES,<br><br>Defendant. | Case No. 06-660L<br><br>Judge George W. Miller |

**UNITED STATES' MOTION TO DISMISS OR, IN THE ALTERNATIVE, MOTION FOR SUMMARY JUDGMENT**

Plaintiffs C. Ryan Voorhees and CRV Enterprises, Inc. ("CRV") are the current and former owners, respectively, of a tract of land in Stockton, California ("Subject Property"). See Def.'s Proposed Findings of Uncontroverted Fact ("PFF"), ¶ 1. The Subject Property is adjacent to the Old Mormon Slough (also referred to as the "Slough"), a man-made waterway, but the Subject Property does not include any portion of the bed of the Slough. See PFF, ¶ 2. Plaintiffs claim that the actions of the United States Environmental Protection Agency ("EPA") to remediate and contain hazardous contaminants in the Slough pursuant to the Comprehensive Environmental Response, Compensation and Liability Act, 42 U.S.C. §§ 9601, et seq., effected a physical taking of their alleged right to unfettered navigational access in the Slough. Plaintiffs' claims should be rejected pursuant to Rule 12(b) or, in the alternative, Rule 56 for several reasons.

First, Plaintiffs' claims should be dismissed because the alleged taking occurred, if at all, when EPA issued its Record of Decision, well before Plaintiffs acquired an interest in the

Subject Property. Plaintiffs cannot complain now that the United States took their property by simply characterizing their claim as a physical takings claim. See Memorandum, § III(B).

Second, Plaintiff CRV's claims must be dismissed because Plaintiff CRV lacks standing to sue. Plaintiff CRV transferred the Subject Property to Plaintiff Voorhees in October 2004, and hence did not own any portion of the Subject Property on the alleged date of taking (October 2006). Plaintiff CRV, therefore, has no standing to sue. See Memorandum, § III(C).

Third, Plaintiffs' claims should be dismissed because this Court lacks jurisdiction over Plaintiffs' collateral challenges to EPA's chosen remedial actions. The gravamen of Plaintiffs' complaint is that EPA should have chosen to remediate and contain the hazardous chemicals in the Slough in a different way. Plaintiffs cannot pursue such claims in the guise of a takings claim. See Memorandum, § III(D).

Fourth, Plaintiffs' claims should be dismissed because Plaintiffs cannot establish that the United States has taken any compensable property interest. Although Plaintiffs allege only a physical taking, the United States has not physically occupied any portion of the Subject Property. In addition, Plaintiffs' belief that they have an unfettered right to navigational access along the entire length of the Slough finds no support in California law. Moreover, Plaintiffs' allegation that the United States interfered with the Subject Property's "highest and best use" cannot support a claimed constitutional violation. Plaintiffs also lack any right in commercially-meaningful navigational access to the Slough from the Subject Property, because commercially-meaningful access was created pursuant to a permit, issued pursuant to the Rivers and Harbors Act of 1899, 33 U.S.C. § 403, and was a pre-existing limitation on Plaintiffs' property rights. See Memorandum, § III(E)(1)-(4).

In addition, Plaintiffs' alleged property interests are subject to pre-existing limitations imposed by State law, which preclude recovery in an inverse condemnation claim. As discussed below, background principles of California state law prohibit the use Plaintiffs now intend "in the circumstances in which the property is presently found." Lucas v. S. Carolina Coastal Council, 505 U.S. 1003, 1031 (1992). Plaintiffs have no right to engage in an activity that would sustain or create a public nuisance, and boat traffic in the Slough would have such a result. Moreover, State law is clear that the State has reserved the right to manage the waterways in the interest of the public trust. Since the EPA's actions were within these pre-existing limitations, those actions did not effect a taking of Plaintiffs' property rights, and Plaintiffs' claims should be rejected. See Memorandum, § III(E)(5)-(6).

A Memorandum and the United States' Proposed Findings of Uncontrovered Facts are filed simultaneously with this Motion.

Respectfully submitted this 15th of April, 2008.

RONALD J. TENPAS
Assistant Attorney General
Environment & Natural Resources Division

___/s/ William J. Shapiro_________
WILLIAM J. SHAPIRO
Trial Attorney
Natural Resources Section
Environment & Natural Resources Division
U.S. Department of Justice
501 I Street
Suite 9-700
Sacramento, CA 95814
916-930-2207 (phone)
916-930-2210 (fax)

Attorney for Defendant

Of Counsel:

Laurie Williams
Assistant Regional Counsel
U.S. EPA Region 9
75 Hawthorne Street
San Francisco, CA 94105