# EXHIBIT 1


Weber Avenue
Stockton Maritime Center
Where the Delta Meets Downtown
Stockton, CA
Conceptual Site Plan
Legend:
CRV00257

EXHIBIT

1

# EXHIBIT 2

LAW OFFICES OF

# ROBERT C. GOODMAN

ROBERT C. GOODMAN
ATTORNEY AT LAW

March 19, 2002

*VIA HAND DELIVERY*

Thanne Cox, Esq.
Assistant Regional Counsel
U.S. Environmental Protection Agency
Region IX
75 Hawthorne Street
San Francisco, CA 94105

Re: McCormick & Baxter Superfund Site Remediation -- Sediment Cap for Mormon Slough Dredging Company

Dear Thanne:

As you know, I represent Dutra Leasing ("Dutra") in connection with the McCormick & Baxter Superfund Site. Dutra owns 1404 West Weber Avenue, Stockton, which is near that site. I am writing to follow up on our discussions over the past several months concerning the economic impact that EPA's remedy for the McCormick & Baxter Superfund Site will have on my client's property.

I am enclosing an Appraisal of 1404 West Weber Avenue prepared by Stephen R. Clark, MAI ASA, which, among other things, analyzes the economic impact EPA's remedy will have on my client's property. As you know, the remedy EPA has selected for this site involves placement of a "cap" over contaminated sediments that will be allowed to remain in the Old Mormon Slough. This remedy will block access to a substantial portion of the slough that adjoins the Dutra property, and will render much of the shoreline unusable. Had EPA selected a different remedy, involving dredging of the slough and off-site disposal of contaminated sediments, there would not have been the same impacts on Dutra's property. However, EPA rejected these alternatives due to their cost; and selected a less expensive remedy. However, as is apparent from the enclosed appraisal, this less expensive remedy causes significant damage to the value of the Dutra property. Indeed, my client's property will be worth $700,000 less after EPA constructs its remedy than it is worth now.

It is fundamentally unfair, and contrary to law, to impose these costs on Dutra, an innocent party with no connection to the McCormick & Baxter Superfund Site. It is therefore imperative that the United States compensate Dutra for the loss that it will suffer as a consequence of this remedy. Toward that end, I ask that you contact me at your earliest

177 POST STREET SUITE 600 | SAN FRANCISCO CALIFORNIA 94108 | TELEPHONE: 415.777.2210 FACSIMILE: 415.777.2215 | E-MAIL: RGOODMAN@RCG-LAW.COM

GOVERNMENT EXHIBIT 57

EXHIBIT 2

CRV1323

Thanne Cox, Esq.
March 19, 2002
Page 2

LAW OFFICES OF
ROBERT C. GOODMAN

convenience to set up a meeting to discuss resolution of this matter. I think that it is essential that EPA have persons with authority to resolve this matter present at the meeting, including, if appropriate, representatives of the Department of Justice.

I appreciate your consideration of this request, and look forward to hearing from you.

Very truly yours,

ROBERT C. GOODMAN

RCG:af
Enclosure

cc: Ken Smith, Esq.

# EXHIBIT 3

LAW OFFICES OF

ROBERT C. GOODMAN

ROBERT C. GOODMAN
ATTORNEY AT LAW

May 20, 2002

*VIA FACSIMILE AND FIRST CLASS MAIL*

Thanne Cox, Esq.
Assistant Regional Counsel
U.S. Environmental Protection Agency
Region IX
75 Hawthorne Street
San Francisco, CA 94105

Re: McCormick & Baxter Superfund Site Remediation – Sediment Cap for Mormon Slough Dredging Company

Dear Thanne:

This letter follows our recent discussions concerning the impact of EPA's selected remedy for this site on my client's adjacent property. As you know, my client, Bill T. Dutra dba Dutra Leasing ("Dutra") will not be able to use the bulkhead on his property after the remedy is implemented. We previously provided you with an appraisal that establishes that the value of my client's property will be worth $700,000 less than it is now as a consequence of EPA's remedy. We are very disappointed that EPA has not formally responded to this appraisal or agreed to a meeting with senior EPA management to discuss a resolution of this matter.

When we last spoke you requested legal authority for our view that EPA's implementation of the remedy and the resulting injury to my client's property give rise to a compensable claim. We believe that it does. As you know the Fifth Amendment to the United States Constitution "requires the payment of compensation whenever the government acquires private property for a public purpose, whether the acquisition is the result of a condemnation proceeding or a physical appropriation." *Tahoe-Sierra Preservation Council, Inc. v. Tahoe Regional Planning Agency*, 535 U.S. ___ (2002), Daily Appellate Report at 43899 (4/24/02).

My client's property borders and extends into the Mormon Slough. Over the years my client has obtained permits from various state and federal agencies to improve his bulkhead and to dredge Mormon Slough in connection with his use of that waterway and has spent substantial sums of money to construct a bulkhead along the slough. I have been unable to locate any evidence that indicates that the slough is privately owned (other than that portion owned by Dutra), and as a riparian land owner Dutra has a vested legal right to use the slough. California Constitution, Article XIV, Section 3.



GOVERNMENT EXHIBIT 59

EXHIBIT 3

CRV1313

Tharne Cox, Esq.
May 20, 2002
Page 2

LAW OFFICES OF
ROBERT C. GOODMAN

Here, EPA's remedy physically restricts entry to a portion of Mormon Slough, precluding marine access to a portion of Dutra's property and rendering Dutra's bulkhead useless. This physical restriction constitutes a taking requiring compensation. *See e.g. Hendler v. United States*, 952 F.2d 1364 (Fed. Cir. 1991); *Tulare Lake Basin Water Storage District v. United States*, 49 Fed. Cl. 313, 319 (2001)("To the extent, then, that the federal government, by preventing plaintiffs from using the water to which they would otherwise have been entitled, have rendered the usufructuary right to that water valueless, they have thus effected a physical taking.").[1]

In sum, we believe that the United States is obligated to compensate Dutra for the damage that will be caused by its implementation of its remedy. I repeat my request that you contact me to arrange a meeting with persons from EPA with authority to settle this matter.

Thank you.

Very truly yours,

ROBERT C. GOODMAN

RCG:af

cc: Ken Smith, Esq.

[1] During our prior conversations you have suggested that there must be a complete devaluation of the property before there is a "taking." That is not the case here, where EPA's remedy has resulted in a physical taking.

# EXHIBIT 4

Janet
Impression
16th floor

THE
DUTRA
GROUP

August 15, 2002

By Facsimile Transmittal

Ernest J. Pearson
Lee & Associates
241 Frank West Circle, Suite 300
Stockton, California 95206

Fax No. 209-982-0167

Ryan Voorhees, President
CRV Enterprises, Inc.
28082 Nichols Road
Galt, California 95632-8204

Fax No. 209-367-1035

Reference: Weber Avenue EPA Advice

Dear Ryan and Ernie,

Attached for your information is a letter just received from the EPA through Bob Goodman. The letter was preceded by a telephone call from a new EPA attorney, indicating that Thanne Cox has been transferred and apologizing for the way this matter has been handled. That apology was accompanied with the statement that the EPA is going out for an appraisal of the premises along the lines of the one Mr. Clark prepared for us in February. We would like to believe that this signals a willingness to negotiate.

Bob has pursued this matter with some persistence and has received recent assistance from Representative Pombo's office. However, it does not escape our notice that the EPA seems to have a current requirement for access through our premises in order to implement its remedial plans for Mormon Slough. Perhaps this will provide us with some leverage. As you see, they wish to meet with us, at the site, on August 21 or 22.

Those dates don't work for us, but we could be available on the 26th. Please notify Dave Werner or myself with an indication of your availability.

Sincerely,

K. W. Smith

Attachment

EXHIBIT
4

GOVERNMENT EXHIBIT
65

10:00 Monday

CRV1310