# EXHIBIT 1

IN THE UNITED STATES COURT OF FEDERAL CLAIMS

CRV ENTERPRISES, INC.,

Plaintiff,

v.

UNITED STATES OF AMERICA,

Defendant.

Case No. 03-867L

Hon. George W. Miller

DEFENDANT'S CORRECTED MOTION FOR JUDGMENT ON THE PLEADINGS AND MEMORANDUM IN SUPPORT THEREOF

EXHIBIT

1

Dutra, could have pursued a claim in this court for an alleged taking arising from clean up activities and remedies stemming from the EPA's March 31, 1999 ROD, but not CRV who purchased the property when the EPA's published remediation action was already in progress.

CRV's complaint of a taking by the United States that is a product of the "Assignment of Cause of Action" signed by the prior owner of the property, or of the multiple option contracts, is not viable in this Court. Consequently, CRV lacks standing to sue under Article III, and therefore its complaint should be dismissed. See Applegate, 35 Fed. Cl. at 421 (barring "damages for any property taken before the date of purchase" under Assignment of Claims Act).

**C. CRV's Takings Claim is Not Ripe for Review.**

Even assuming CRV can demonstrate it has standing to sue, it also must prove that its takings claim is ripe for review. The purpose of the ripeness doctrine is to avoid premature adjudication of issues. Ohio Forestry Ass'n, Inc. v. Sierra Club, 523 U.S. 726, 733 (1998); Maritrans Inc. v. United States, 342 F.3d 1344, 1359 (Fed. Cir. 2003). "'[T]he ripeness doctrine is drawn both from Article III limitations on judicial power and from prudential reasons for refusing to exercise jurisdiction.'" Suitum v. Tahoe Regional Planning Agency, 520 U.S. 725, 734 n. 7 (1997) (quoting Reno v. Catholic Social Servs., Inc., 509 U.S. 43, 57n. 18 (1993)); Bayou Des Familles Develop. Corp. v. United States, 130 F.3d 1034, 1037 (Fed. Cir. 1997).

The Supreme Court requires the application of a two-part test to determine whether a case is ripe for judicial review. First, Plaintiff must demonstrate that "the issues are fit for judicial decision -- that is, whether there is a present case or controversy between the parties." Cedars-Sinai Medical Center v. Watkins, 11 F.3d 1573, 1580 (Fed. Cir. 1993) (citing Lake Carriers'

Ass'n v. MacMullan, 406 U.S. 498, 506 (1972); BP Chems. Ltd. v. Union Carbide Corp., 4 F.3d 975, 977 (Fed. Cir.1993)). Second, Plaintiff must demonstrate that "there is sufficient risk of suffering immediate hardship to warrant prompt adjudication -- that is, whether withholding judicial decision would work undue hardship on the parties." Cedars-Sinai Medical Center, 11 F.3d at 1580-81 (citations omitted); see also Texas v. United States, 523 U.S. 296, 301 (1998). Plaintiff must satisfy both prongs of the ripeness test before the Court can address the merits of its claim. Cedars-Sinai Medical Center, 11 F.3d at 1581 (citations omitted). If a claim is not ripe for review, a court lacks subject matter jurisdiction to adjudicate the dispute. See Cedars-Sinai Medical Center, 11 F.3d at 1580 (recognizing that a case which is not ripe for review is "beyond the Article III jurisdiction of the federal courts."); Beekwilder v. United States, 55 Fed. Cl. 54 (2002).

CRV argues that the (1) placement of a sand cap over contamination in the Slough, (2) installation of a silt curtain in the Slough, (3) installation (and removal) of a temporary sheet pile and (4) "the immediate placement of a permanent log boom across the mouth of the Mormon Channel," Cplt. ¶¶ 23-24, all "remediation" measures, denied it access to the Old Mormon Slough. CRV claims that EPA's "construction and maintenance of its remediation project for the M&B Site . . . amounts to a public taking of and interference" with its property which "amounts to a public denial of and interference with the full, highest and best use and enjoyment of such private property, and permanently destroys economically viable uses of such property." Cplt. ¶ 31. As a result of the alleged taking, CRV avers that it suffered, *inter alia*: the loss of maritime vessel access to and egress from almost the entire Maritime Facility; the loss of use of the property for commercial maritime and related uses; the loss of the highest and best use of the

property; the loss of the economically viable uses of said property; inability to fully develop or build; loss of marketability; extensive diminution in the fair market value of said property; out-of-pocket expenditures for investigations, and mitigating steps. Cplt. ¶ 32.

CRV has failed to demonstrate its takings claim is ripe for review because there exists no case or controversy. The case or controversy requirement of the Constitution requires that Plaintiff suffer either a present injury, or an injury that is "imminent" and "certainly impending." Whitmore v. Arkansas, 495 U.S. 149, 158 (1990); National Treasury Employees Union v. United States, 101 F.3d 1423, 1430 (D.C. Cir. 1996) (Article III requires injury to be imminent). This injury also must be concrete and particularized. National Treasury Employees Union, 101 F.3d at 1430.

Despite its allegations to the contrary, CRV has suffered no concrete or particularized injury. To date, of the activities alleged by CRV as blocking access, the EPA has only installed and removed a silt curtain (item 2 above), which did not deny CRV access to the Slough or its bulkhead. In fact, CRV permitted EPA to tie its silt curtain to CRV's property in return for a payment of $2,500 and an agreement to allow access for barges with 48 hours notice from CRV. See Ex. 2. CRV's claim regarding the installation of a sand cap, temporary sheet pile and permanent log boom fare no better, because EPA to date has not installed these structures. Indeed, CRV does not dispute this point; it only alleges that the EPA announced it would install these "remediation" structures in the future. Cplt., ¶¶ 23-25, 28. At best, CRV has alleged a mere potential for future injury. "The mere potential for future injury . . . is insufficient to render an issue ripe for review." Media Access Project v. Fed. Communications Comm., 883 F.2d 1063, 1071 (D.C. Cir. 1989) (quoting Alascom, Inc. v. Fed. Communications Comm., 727 F.2d

1212, 1217 (D.C. Cir. 1984)).[7] CRV's allegations of injury are simply not concrete enough to create a case or controversy.

CRV also fails to prove that withholding judicial decision would work undue hardship on the parties. As explained above, CRV has not suffered a concrete injury because it has not been denied access to either the Old Mormon Slough or Stockton Channel, and in fact still maintains access to the Old Mormon Slough via the Maritime Facility. Withholding a decision on the merits of CRV's claim would not work an undue hardship on CRV because it still has maritime access, the alleged denial of which is the foundation of its takings claim. Moreover, the fact that CRV might suffer financial loss in the future does not weigh in favor of finding its claim ripe. "'A possible financial loss is not by itself a sufficient interest to sustain a judicial challenge to government action.'" Cedars-Sinai Medical Center, 11 F.3d at 1585 (citation omitted). Consequently, the Court should dismiss CRV's complaint because its alleged takings claim is not ripe for review.

### D. The Court Lacks Jurisdiction over CRV's Attempt to Litigate EPA's Choice of Environmental Remedy

In its complaint, CRV alleges that in selecting its remedy, the EPA considered but rejected "potential remediation measures" that "would have eliminated and/or minimized the project's interference with plaintiff CRV's use and enjoyment of the Maritime property" and

---

7/ Such announcements, which occurred prior to CRV owning or having a property interest in the Maritime Facility, even if construed as threats to condemn, would not ripen CRV's claim. Cf. NBH Land Co. v. United States, 576 F.2d 317, 319 (Ct. Cl. 1978) ("Mere candor by public officials about their plans has never been held to constitute a taking."); Mesa Ranch Partnership v. United States, 2 Cl. Ct. 700, 707 (1983) ("A threat of condemnation by [the Government] is not a taking even though it tends to thwart a proposed development.").

# EXHIBIT 2

IN THE UNITED STATES COURT OF FEDERAL CLAIMS

RECEIVED
OVER THE COUNTER
MAY 1 8 2004
THE OFFICE OF THE CLERK
U.S. COURT OF FEDERAL CLAIMS

| | |
|---|---|
| CRV ENTERPRISES, INC.,<br>Plaintiff,<br>vs.<br>THE UNITED STATES,<br>Defendant. | No. 03-867L<br><br>Hon. George W. Miller |

Joint Motion to Stay Proceedings

Plaintiff, CRV Enterprises, Inc. ("CRV"), and Defendant, the United States of America, jointly move this Court for a stay of proceedings, including the pending motion for judgment on the pleadings, in order to conserve the Court's and the parties' resources. This motion arises because at present CRV's access to navigable waters is not blocked but there is the potential that access will be impaired or impeded in the near future for a portion of its property. The parties thus respectfully request this Court to stay the proceedings rather than dismiss this case for lack of ripeness grounds when it is apparent that this litigation may ripen in the reasonably foreseeable future and that both parties believe keeping this action pending will best serve the interests of justice.

This joint motion is premised on the following facts as understood by both parties and acknowledged through respective counsels' signatures to this pleading:

1. CRV inspected its property and ascertained that at present there is no impairment or denial of access to navigable waters caused by the activities of the United States at the McCormick & Baxter Superfund Site, either in the Old



EXHIBIT
tabbies
2

Mormon Slough or on land abutting the waterway. CRV also informed the United States that it is not claiming damages for any impairment or denial of access other than the activities announced and articulated below in Paragraphs 2-3.[1]

2. At the request of CRV and by agreement of the parties, in lieu of deposition of a person with knowledge from the U.S. Environmental Protection Agency ("EPA"), the EPA provided verified written responses to the written inquires of Plaintiff regarding the current status and future prospect for the work announced by the EPA at the McCormick & Baxter Superfund Site. The EPA's responses verified that CRV's access to the Slough or the Stockton Channel is not presently blocked. In addition, these responses informed all that the EPA still intends to perform the announced work which, when installed, has the potential to impair a portion of Plaintiff's access to the Slough and the Channel.

3. The future activities of the EPA, some of which may start this summer and which could form the basis for a claim by CRV that its access to navigable waters has been impaired, include: clearing debris from Old Mormon Slough, removing pilings from the Slough, placing new pilings for anchoring temporary silt curtains and a permanent log boom across portions of the Slough, transporting cap material by barge into the Slough, placing a two-foot sand cap in portions of the Slough, and placement of the permanent

[1] Nothing herein shall be deemed agreement or concession on Plaintiff's part that its access to the subject channel should be or is properly blocked; nor should this be deemed agreement or concession on Defendant's part regarding liability or compensation.

log boom across portions of the Slough. It should be noted that the activities of a permanent nature such as the sand cap and the log boom will not take place until at least July 2005 but there is possibility that many of the other identified EPA actions will take place starting this summer.

Accordingly, CRV acknowledges (and Defendant concurs) that unless and until the EPA undertakes activities that Plaintiff believes blocks its navigational access, in part or in whole, to the Old Mormon Slough and the Stockton Channel, Plaintiff's claims as pled in this action are not ripe. However, because the EPA still intends to do the announced work, and anticipates doing so in the near future, judicial economy to the parties and the Court suggests that the proceedings in this matter should be stayed pending the commencement of the announced work by the EPA which may impair CRV's access to navigable waters. This stay would include suspension of the briefing schedule for the current motion for judgment on the pleadings until this stay is lifted by the Court.

The parties, therefore, respectfully request that the Court stay this matter pending the performance of activities by the EPA which does impair CRV's navigational access.

Respectfully submitted,

Dated: May 17, 2004

SHAPIRO BUCHMAN PROVINE & PATTON LLP

By: [signature]
Bruce A. McIntosh
Attorneys for Plaintiff CRV Enterprises, Inc.
Shapiro Buchman Provine & Patton LLP

1333 North California Blvd., Suite 350
Walnut Creek, CA 94596
(925) 944-9700 (telephone)
(925) 944-9701 (facsimile)

Dated: May 18, 2004

UNITED STATES OF AMERICA

By: Matthew S. Clifford
For: ANDREW M. GOLDFRANK

Trial Attorney
U.S. Department of Justice
Environment & Natural Resources Division
Land Acquisition Section
P.O. Box 561
Washington, D.C. 20044-0561
(202) 305-0288 (telephone)
(202) 514-8865 (facsimile)
andrew.goldfrank@usdoj.gov

Attorney for Defendant

# EXHIBIT 3

30249.001

# In the United States Court of Federal Claims

| | |
|---|---|
| CRV ENTERPRISES, INC., Plaintiff, | No. 03-867 L |
| v. | Filed May 24, 2004 |
| THE UNITED STATES, Defendant. | |

## ORDER

On May 17, 2004, the parties filed a joint motion for a stay of proceedings, including defendant's pending motion for judgment on the pleadings. The parties reported that plaintiff's access to navigable waters is not blocked at present, but there is the potential that access will be impaired or impeded in the near future for a portion of its property. In consideration of the parties' representations and for the reasons set forth in the parties' joint motion, the Court GRANTS the motion to stay proceedings. Accordingly, the Court ORDERS that oral argument on defendant's motion, scheduled for June 11, 2004, and the telephonic status conference, scheduled for July 12, 2004, shall be cancelled.

The Court FURTHER ORDERS that parties shall file a joint status report on Monday, June 21, 2004 and every thirty days thereafter. In the joint status report, the parties shall inform the Court of any significant developments in connection with the activities of the EPA at the McCormick and Baxter Superfund Site and also whether or not plaintiff's access to navigable waters has been impaired, whether the parties contemplate filing a motion to lift the stay, and if so, when they expect to file such a motion.

IT IS SO ORDERED.

George W. Miller
GEORGE W. MILLER
Judge

EXHIBIT
tabbies
3

# EXHIBIT 4

IN THE UNITED STATES COURT OF FEDERAL CLAIMS

| | |
|---|---|
| CRV ENTERPRISES, INC.,<br>Plaintiff,<br>vs.<br>THE UNITED STATES,<br>Defendant. | No. 03-867L<br><br>Hon. George W. Miller |

**Joint Status Report**

BY ORDER OF THE COURT filed May 24, 2004, the parties file this Joint Status Report to inform the court of the following:

1. The EPA has not yet begun any of its stated activities at the McCormick and Baxter Superfund Site that have the potential to block plaintiff's access to navigable waters.

2. Plaintiff's access to navigable waters is not presently blocked.

3. The parties still contemplate filing a motion to lift the stay this coming Spring when the EPA may commence work that may block plaintiff's access to the navigable water.

Respectfully submitted on behalf of both parties,

Dated: January 31st, 2005

UNITED STATES OF AMERICA

By: ______________________

ANDREW M. GOLDFRANK
Trial Attorney
U.S. Department of Justice
Environment & Natural Resources Division
Land Acquisition Section
P.O. Box 561

CC: CLIENT 2/1/05

EXHIBIT 4

Washington, D.C. 20044-0561
(202) 305-0288 (telephone)
(202) 514-8865 (facsimile)
andrew.goldfrank@usdoj.gov

Attorney for Defendant

## CERTIFICATE OF SERVICE

I certify that I caused a copy of the foregoing Joint Status Report to be served upon counsel, on this 21st day of January 2005, by email (i.e., jpatton@sbllp.com and bmcintosh@sbllp.com) and by first-class mail, postage prepaid addressed to:

John H. Patton, Esq.
Bruce McIntosh, Esq.
Shapiro Buchman Provine & Patton LLP
1333 North California Blvd., Suite 350
Walnut Creek, CA 94596

ANDREW GOLDFRANK

Received 2/12/05
Calendared / /
Reviewed / / By:
☑ Copy to Client
☐ Copy to
☐ File
☑ File No. 30244.001
Mailed 2/8/05 By: 24

IN THE UNITED STATES COURT OF FEDERAL CLAIMS

| | |
|---|---|
| CRV ENTERPRISES, INC.,<br>Plaintiff,<br>vs.<br>THE UNITED STATES,<br>Defendant. | No. 03-867L<br><br>Hon. George W. Miller |

**Joint Status Report**

BY ORDER OF THE COURT filed May 24, 2004, the parties file this Joint Status Report to inform the court of the following:

1. The EPA has not yet begun any of its stated activities at the McCormick and Baxter Superfund Site that have the potential to block plaintiff's access to navigable waters.

2. Plaintiff's access to navigable waters is not presently blocked.

3. The parties still contemplate filing a motion to lift the stay when the EPA commences the work that may block plaintiff's access to the navigable water.

Respectfully submitted on behalf of both parties,

Dated: December 23, 2004

UNITED STATES OF AMERICA

By: ______________________________

ANDREW M. GOLDFRANK
Trial Attorney
U.S. Department of Justice
Environment & Natural Resources Division
Land Acquisition Section
P.O. Box 561
Washington, D.C. 20044-0561
(202) 305-0288 (telephone)

(202) 514-8865 (facsimile)
andrew.goldfrank@usdoj.gov

Attorney for Defendant

## CERTIFICATE OF SERVICE

I certify that I caused a copy of the foregoing Joint Status Report to be served upon counsel, on this 23rd day of December 2004, by email (i.e., jpatton@sbllp.com and bmcintosh@sbllp.com) and by first-class mail, postage prepaid addressed to:

John H. Patton, Esq.
Bruce McIntosh, Esq.
Shapiro Buchman Provine & Patton LLP
1333 North California Blvd., Suite 350
Walnut Creek, CA 94596

ANDREW GOLDFRANK

IN THE UNITED STATES COURT OF FEDERAL CLAIMS

| | |
|---|---|
| CRV ENTERPRISES, INC.,<br>Plaintiff,<br>vs.<br>THE UNITED STATES,<br>Defendant. | No. 03-867L<br><br>Hon. George W. Miller |

## Joint Status Report

BY ORDER OF THE COURT filed May 24, 2004, the parties file this Joint Status Report to inform the court of the following:

1. The EPA has not yet begun any of its stated activities at the McCormick and Baxter Superfund Site that have the potential to block plaintiff's access to navigable waters.

2. Plaintiff's access to navigable waters is not presently blocked.

3. The parties still contemplate filing a motion to lift the stay when the EPA commences the work that may block plaintiff's access to the navigable water.

Respectfully submitted on behalf of both parties,

Dated: November 11, 2004

UNITED STATES OF AMERICA

By: ______________________

ANDREW M. GOLDFRANK
Trial Attorney
U.S. Department of Justice
Environment & Natural Resources Division
Land Acquisition Section
P.O. Box 561
Washington, D.C. 20044-0561
(202) 305-0288 (telephone)

(202) 514-8865 (facsimile)
andrew.goldfrank@usdoj.gov

Attorney for Defendant

## CERTIFICATE OF SERVICE

I certify that I caused a copy of the foregoing Joint Status Report to be served upon counsel, on this 19th day of November 2004, by email (i.e., jpatton@sbllp.com and bmcintosh@sbllp.com) and by first-class mail, postage prepaid addressed to:

John H. Patton, Esq.
Bruce McIntosh, Esq.
Shapiro Buchman Provine & Patton LLP
1333 North California Blvd., Suite 350
Walnut Creek, CA 94596

ANDREW GOLDFRANK

IN THE UNITED STATES COURT OF FEDERAL CLAIMS

| | |
|---|---|
| CRV ENTERPRISES, INC.,<br>Plaintiff,<br>vs.<br>THE UNITED STATES,<br>Defendant. | No. 03-867L<br>Hon. George W. Miller |

**Joint Status Report**

BY ORDER OF THE COURT filed May 24, 2004, the parties file this Joint Status Report to inform the court of the following:

1. The EPA has not yet begun any of its stated activities at the McCormick and Baxter Superfund Site that have the potential to block plaintiff's access to navigable waters.

2. Plaintiff's access to navigable waters is not presently blocked.

3. The parties still contemplate filing a motion to lift the stay when the EPA commences the work that may block plaintiff's access to the navigable water.

Respectfully submitted on behalf of both parties,

Dated: October 21, 2004

UNITED STATES OF AMERICA

By: ____________________

ANDREW M. GOLDFRANK
Trial Attorney
U.S. Department of Justice
Environment & Natural Resources Division
Land Acquisition Section
P.O. Box 561
Washington, D.C. 20044-0561



179608.1
30249-001

(202) 305-0288 (telephone)
(202) 514-8865 (facsimile)
andrew.goldfrank@usdoj.gov

Attorney for Defendant

**CERTIFICATE OF SERVICE**

I certify that I caused a copy of the foregoing Joint Status Report to be served upon counsel, on this 21st day of October 2004, by email (i.e., jpatton@sbllp.com and bmcintosh@sbllp.com) and by first-class mail, postage prepaid addressed to:

John H. Patton, Esq. and Bruce McIntosh, Esq.
Shapiro Buchman Provine & Patton LLP
1333 North California Blvd., Suite 350
Walnut Creek, CA 94596

ANDREW GOLDFRANK



179608.1
30249-001

IN THE UNITED STATES COURT OF FEDERAL CLAIMS

CRV ENTERPRISES, INC.,

Plaintiff,

vs.

THE UNITED STATES,

Defendant.

No. 03-867L

Hon. George W. Miller

**Joint Status Report**

BY ORDER OF THE COURT filed May 24, 2004, the parties file this Joint Status Report to inform the court of the following:

1. The EPA has not yet begun any of its stated activities at the McCormick and Baxter Superfund Site that have the potential to block plaintiff's access to navigable waters.

2. Plaintiff's access to navigable waters is not presently blocked.

3. The parties still contemplate filing a motion to lift the stay when the EPA commences the work that may block plaintiff's access to the navigable water.

Respectfully submitted on behalf of both parties,

Dated: September 22nd, 2004

UNITED STATES OF AMERICA

By: ______________________

ANDREW M. GOLDFRANK
Trial Attorney
U.S. Department of Justice
Environment & Natural Resources Division
Land Acquisition Section
P.O. Box 561
Washington, D.C. 20044-0561



179608.1
30249-001

(202) 305-0288 (telephone)
(202) 514-8865 (facsimile)
andrew.goldfrank@usdoj.gov

Attorney for Defendant

CERTIFICATE OF SERVICE

I certify that I caused a copy of the foregoing Joint Status Report to be served upon counsel, on this 22nd day of September 2004, by email (i.e., jpatton@sbllp.com and bmcintosh@sbllp.com) and by first-class mail, postage prepaid addressed to:

John H. Patton, Esq. and Bruce McIntosh, Esq.
Shapiro Buchman Provine & Patton LLP
1333 North California Blvd., Suite 350
Walnut Creek, CA 94596

ANDREW GOLDFRANK



179608.1
30249-001

Goldfrank

RECEIVED
JUL 23 2004
OFFICE OF THE CLERK
U.S. COURT OF FEDERAL CLAIMS

IN THE UNITED STATES COURT OF FEDERAL CLAIMS

| | |
|---|---|
| CRV ENTERPRISES, INC.,<br>Plaintiff,<br>vs.<br>THE UNITED STATES,<br>Defendant. | No. 03-867L<br><br>Hon. George W. Miller |

04 JUL 26 AM 11:28
DEPARTMENT OF JUSTICE
GENERAL LITIGATION SECTION

## Joint Status Report

BY ORDER OF THE COURT filed May 24, 2004, the parties file this Joint Status Report to inform the court of the following:

1. The EPA has not yet begun any of its stated activities at the McCormick and Baxter Superfund Site that have the potential to block plaintiff's access to navigable waters.

2. Plaintiff's access to navigable waters is not presently blocked.

3. The parties still contemplate filing a motion to lift the stay when the EPA commences the work that may block plaintiff's access to the navigable water, which is still anticipated to begin later this summer.

Respectfully submitted on behalf of both parties,

Dated: July 20th, 2004

UNITED STATES OF AMERICA

By: ______________________

ANDREW M. GOLDFRANK
Trial Attorney
U.S. Department of Justice
Environment & Natural Resources Division
Land Acquisition Section



179608.1
30249-001

90-1-23-10940

P.O. Box 561
Washington, D.C. 20044-0561
(202) 305-0288 (telephone)
(202) 514-8865 (facsimile)
andrew.goldfrank@usdoj.gov

Attorney for Defendant

# EXHIBIT 5

IN THE UNITED STATES COURT OF FEDERAL CLAIMS

FILED
MAY 4 2005
U.S. COURT OF FEDERAL CLAIMS

CRV ENTERPRISES, INC.,

Plaintiff,

vs.

THE UNITED STATES,

Defendant.

No. 03-867L

Hon. George W. Miller

EXHIBIT
5

STIPULATION FOR DISMISSAL PURSUANT TO RULE 41

**WHEREAS**, the Defendant, the United States of America, through the U.S. Environmental Protection Agency ("EPA") has announced its intention to cause work to be done at the McCormick & Baxter Superfund Site, either in the Old Mormon Slough or on land abutting the waterway which Plaintiff, CRV Enterprises, Inc. ("CRV"), claims will impair its access to navigable waters thus constituting a taking, which Defendant denies; and

**WHEREAS**, the parties filed a joint motion on May 18, 2004, outlining in detail that (1) CRV was not and had not been denied access to navigable waters by the United States as of that date and (2) EPA believed it would start in the near future activity for environmental remediation purposes in these navigable waters which had the potential to impair or block CRV's access to navigable waters; and

**WHEREAS**, the EPA believes that its work will not begin this year as formerly anticipated, and does not presently know when the work will begin; and

**WHEREAS**, CRV acknowledges that its access to the Stockton Channel and the Old Mormon Slough is not blocked, and has not been blocked, by the EPA; and

May 4 2005 - Complaint dismissed pursuant to Rule 41(a)(1)(ii) this day.

WHEREAS, CRV acknowledges that until and unless EPA undertakes activities that CRV believes blocks its navigational access, in part or in whole, to the Old Mormon Slough and the Stockton Channel, that CRV's claims of a taking by EPA are not ripe.

WHEREAS, the parties stipulate that each side should bear its own costs;

THEREFORE, the parties, by and through their respective counsel, hereby stipulate to dismiss the entire action without prejudice for plaintiff to re-file if and when [illegible] commences in a manner which CRV alleges blocks its access [illegible]

Dated [illegible]

SHAPIRO BUCHMAN PROVINE & PATTON LLP

By: ______________________

JOHN H. PATTON
Attorneys for Plaintiff CRV Enterprises, Inc.
1333 North California Blvd., Suite 350
Walnut Creek, CA 94596
(925) 944-9700 (telephone)
(925) 944-9701 (facsimile)
jpatton@sbllp.com

Dated: ~~April~~ May 3, 2005

UNITED STATES OF AMERICA

By: ______________________

ANDREW M. GOLDFRANK
Trial Attorney, U.S. Department of Justice
Environmental & Natural Resources
Division, Land Acquisition Section
P.O. Box 561
Washington, D.C. 20044-0561
(202) 305-0288 (telephone)
(202) 514-8865 (facsimile)
andrew.goldfrank@usdoj.gov

Attorney for Defendant



186633.1
30249-001

ORDER

The Court, having considered the stipulation of the parties finds good cause:

**IT IS THEREFORE ORDERED THAT** this matter is dismissed in its entirety, with each side to bear its own costs.

GEORGE W. MILLER

# EXHIBIT 6

Case 1:06-cv-00660-GWM Document 36-13 Filed 04/15/2008 Page 24 of 32

No. 9260




EXHIBIT 6

Exhibit 29 to the United States' Motion

DOJ 490

CRV1547

# EXHIBIT 7

Case 1:06-cv-00660-GWM Document 36-14 Filed 04/15/2008 Page 62 of 65

INTERROGATORY NO. 17:

As to Interrogatory No. 17, the second paragraph of subpart (a) of the response is amended to read: CRV and Voorhees answer as follows with regard to the EPA's actions on the McCormick & Baxter site: As a result of discovery, CRV and Voorhees now believe that the McCormick & Baxter site itself likely was a "nuisance," and that the EPA's clean-up efforts on that site may have helped to "prevent the further spread of contaminants" from that site. CRV and Voorhees are informed and believe that the EPA acted on behalf of the public in undertaking the McCormick & Baxter project, and that it intended that its actions would fulfill a public purpose by preventing or limiting the spread of environmental contamination.

As to Interrogatory No. 17, a third paragraph is added, as follows: As to the EPA's actions within the Mormon Slough (capping the sediment and erection of a log boom), which were not on the McCormick & Baxter site, CRV and Voorhees answer as follows: Based on discovery, including the Record of Decision (CRV Deposition Exhibit 37B), and the exhibits and deposition testimony from Marie Lacey's deposition, there appears to be no evidence that: 1) the EPA's actions have eliminated or reduced any nuisance or contamination in the Mormon Slough or will do so in the future; and 2) that the EPA's actions have significantly prevented or reduced any spread of contaminants, or will do so in the future. In short, there appears to be no evidence that the EPA's actions within the Mormon Slough have achieved any public benefit. CRV and Voorhees also believe that there were more effective means of addressing any contamination within the Mormon Slough that were available to the EPA without the taking of private property.



Exhibit 35 to the United States' Motion DOJ 561

EXHIBIT 7

tabbies

# EXHIBIT 8




Figure 1.4. Bathymetry of Old Mormon Slough and Stockton Deepwater Channel



tabbies
EXHIBIT
8