John H. Patton, California SBN 069261
Matthew K. Wisinski, California SBN 195535
SHAPIRO BUCHMAN PROVINE & PATTON LLP
1333 North California Boulevard, Suite 350
Walnut Creek, CA 94596
Telephone: (925) 944-9700
Facsimile: (925) 944-9701
E-mail: jpatton@sbllp.com

Attorneys for Plaintiffs CRV Enterprises, Inc.
and C. Ryan Voorhees

**IN THE UNITED STATES COURT OF FEDERAL CLAIMS**

**CRV ENTERPRISES, INC., a California corporation, C. Ryan Voorhees, an individual,**

Plaintiffs,

vs.

**THE UNITED STATES OF AMERICA,**

Defendant.

No. 06-660L

**PLAINTIFFS' EVIDENTIARY OBJECTIONS SUBMITTED IN SUPPORT OF PLAINTIFFS' OPPOSITION TO DEFENDANT UNITED STATES' MOTION TO DISMISS, OR IN THE ALTERNATIVE, FOR SUMMARY JUDGMENT**

Date: To be assigned by the Court
(Telephonic scheduling conference requested)
Judge George W. Miller

## EVIDENTIARY OBJECTIONS

Pursuant to the Federal Rules of Evidence, plaintiffs CRV Enterprises, Inc. ("CRV") and C. Ryan Voorhees, respectfully submit the following objections to the evidence submitted by defendant The United States of America ("the Government") in support of its motions to dismiss or, in the alternative, for summary judgment. Plaintiffs object on each of the following grounds:

1. **Government Exhibit 13:** April 1993 McCormick – Baxter Community Relations Plan [DOJ036-50]. Offered to prove Govt. Proposed Finding No. 33:

> "EPA relied, in part, on interviews with residents of a nearby community, which showed that "[m]any people fish and camp illegally near the slough for recreation. Also, many transients, homeless people, and low-income neighbors depend on catching fish from the Port of Stockton to supplement their diets. Interviewees believed that people from Stockton's downtown shelter, Delta Gate and St. Mary's Dining Hall eat fish caught near the Port."

**Legal Basis for Objection:**

a) To the extent the document is offered for the truth of the matter in the Proposed Finding, it constitutes multiple, inadmissible hearsay, "developed from" from unidentified out-of-court declarants, other than when testifying under oath. FRE Rules 801, 802.

b) Underlying the above objection, there is a complete lack of foundational facts establishing the reliability of the information from which this Proposed Finding is based. For example, Government Exhibit 13 itself states that it was "developed from information" based upon a total of 9 interviews with unidentified persons, conducted in the Fall of 1992. [Govt. Ex. 13, at DOJ038.] Further, there has been no foundational evidence to establish the reliability or qualifications of the preparer of the document, ICF Technology, Inc., to extrapolate the information provided from these hearsay interviews of unidentified persons. FRE Rules 401, 402, 403, 701, 702, 703.

2. **Government Exhibit 20:** January 1999 Surface Water-Sediment Feasibility Study Report for the McCormick and Baxter Superfund Site ("Feasibility Report"). [DOJ184-223]. Offered to prove Govt. Proposed Finding No. 34:

> "Based on its extensive studies, EPA concluded that the contamination of the sediment in the Old Mormon Slough posed unacceptable risk to humans, who might use Old Mormon Slough for subsistence fishing, as well as unacceptable risks to certain fish species (termed "ecological receptors")."

**Legal Basis for Objection:**

a) To the extent the document is offered for the truth of the matter in the Proposed Finding, it constitutes inadmissible hearsay opinion from a out-of-court declarants (the authors of the Feasibility Study), other than when testifying under oath. FRE Rules 801, 802.

b) The Proposed Finding is conclusionary, speculative, opinion evidence requiring scientific, technical, or other specialized knowledge, and no foundational facts have been submitted to support either the knowledge, skill, experience, training, or education ("qualifications") of those rendering the opinions, or the facts and data underlying and forming the basis of such opinions. FRE Rules 701, 702, 703; *U.S. v. Mamah*, 332 F.3rd 475, 478 (7th Cir. 2003) ("experts' opinions are worthless without data and reasons").

c) The Proposed Finding is misleading, confusing, and prejudicial, and therefore irrelevant, where it does not specify sufficient foundational facts for such conclusion. FRE Rules 401, 402, 403. *See, e.g., Turner v. Allstate Ins. Co.*, 902 F.2nd 1208, 1212-13 (6th Cir. 1990) (excluding misleading evidence without sufficient foundation to establish reliability).

3. **Government Exhibit 20:** Feasibility Report. Offered to prove Govt. Proposed Finding No. 35:

> "EPA found that dioxin was present in the Old Mormon Slough sediment at 30 to 50 times the level at which no adverse effects were predicted to occur, and that PAHs were present at nearly 80 times the estimated safe level of contamination."

**Legal Basis for Objection:**

a) The Proposed Finding is misleading, confusing, and prejudicial, and therefore irrelevant, where it does not specify the particular locations in the Old Mormon Slough ("OMS") where these levels of dioxin and PAHs were found, nor

does it specify the times, or even the year, when they were found, both of which specifications are fundamental to providing any relevant meaning to the Proposed Finding. FRE Rules 401, 402, 403. *See, e.g., In re Ar-La-Tex Timber Co., Inc.*, 482 F.3rd 319, 335 (5th Cir. 2007).

b) The Proposed Finding is conclusionary, speculative, opinion evidence requiring scientific, technical, or other specialized knowledge, and no foundational facts have been submitted to support either the knowledge, skill, experience, training, or education ("qualifications") of those rendering the opinions, or the facts and data underlying and forming the basis of such opinions. FRE Rules 701, 702, 703; *U.S. v. Mamah*, 332 F.3rd 475, 478 (7th Cir. 2003) ("experts' opinions are worthless without data and reasons").

4. **Government Exhibit 20:** Feasibility Report. Offered to prove Govt. Proposed Finding No. 36:

> "Based on the high levels of contamination in the Old Mormon Slough sediments, EPA determined that "[i]f sediment contamination in the Old Mormon Slough is not addressed, it will continue to present a risk to ecological receptors, and to human receptors who consume significant quantities of certain fish species."

**Legal Basis for Objection:**

a) The Proposed Finding is conclusory, misleading, confusing, and prejudicial, and therefore irrelevant, where it does not specify a host of important foundational facts, including, but not limited to: the particular locations in the OMS where allegedly high-risk levels of sediment contamination were found; the quantities of fish that visit the OMS (which is a dead end body of water); how far and frequently fish travel into the OMS toward the stagnant eastern end (having higher concentrations of contaminants in the sediment) or any other area with high-risk levels of contamination; how long fish remain in such areas; how long the fish live; the frequency with which such fish are caught by fishermen; what levels of

contamination the typical fish could be expected to have, if any; whether fish studies were done after the spread of contaminants from the McCormick & Baxter Site ("M&B Site") was eliminated; the level and reliability of fish samplings conducted; evaluation of the likelihood that anyone could or would actually consume the level of contaminated fish that was sufficient to reach the assumed level of significant risk, etc. These underlying foundational facts are fundamental to providing any relevant meaning to the Proposed Finding. FRE Rules 401, 402, 403. *See, e.g., In re Ar-La-Tex Timber Co., Inc.*, 482 F.3rd 319, 335 (5th Cir. 2007); *Turner v. Allstate Ins. Co.*, 902 F.2nd 1208, 1212-13 (6th Cir. 1990). Further, on summary judgment, "any doubts, inferences, or issues of credibility must be resolved against the moving party." *Sohio Transp. Co. v. U.S.*, 5 Fed.Cl. 620, 625 (1984).

b) The Proposed Finding is conclusionary, speculative, opinion evidence requiring scientific, technical, or other specialized knowledge, and no foundational facts have been submitted to support either the knowledge, skill, experience, training, or education ("qualifications") of those rendering the opinions, or the facts and data underlying and forming the basis of such opinions. FRE Rules 701, 702, 703; *U.S. v. Mamah*, 332 F.3rd 475, 478 (7th Cir. 2003) ("experts' opinions are worthless without data and reasons").

**5. Government Exhibit 20:** Feasibility Report. Offered to prove Govt. Proposed Finding No. 46:

> "Although a sand cap can isolate hazardous contaminants in place, EPA recognized that it was essential to protect the integrity of the cap by restricting boat access in the Old Mormon Slough."

**Legal Basis for Objection:**

a) The Proposed Finding is conclusory, misleading, confusing, and prejudicial, and therefore irrelevant, where it does not specify a host of important foundational facts, including, but not limited to: scientific analysis of the physical

properties of the contaminants within the sediment bottom of the OMS and their inability to float, dissolve, or migrate, as well as their tendency to sink; scientific analysis of the physical properties of significant depths of water and the hydrostatic pressure exerted on the sediment bottom at depth; scientific analysis of the specific areas of high-level contamination; analysis of the types of boat traffic that could be expected to enter the capped area of the OMS to access the Subject Property and the physical properties of such vessels (*e.g.*, draft, propulsion, speeds), etc. These underlying foundational facts are fundamental to providing any relevant meaning to the Proposed Finding. FRE Rules 401, 402, 403. *See, e.g., In re Ar-La-Tex Timber Co., Inc.*, 482 F.3rd 319, 335 (5th Cir. 2007); *Turner v. Allstate Ins. Co.*, 902 F.2nd 1208, 1212-13 (6th Cir. 1990). Further, on summary judgment, "any doubts, inferences, or issues of credibility must be resolved against the moving party." *Sohio Transp. Co. v. U.S.*, 5 Fed.Cl. 620, 625 (1984).

b) The Proposed Finding is conclusionary, speculative, opinion evidence requiring scientific, technical, or other specialized knowledge, and no foundational facts have been submitted to support either the knowledge, skill, experience, training, or education ("qualifications") of those rendering the opinions, or the facts and data underlying and forming the basis of such opinions. FRE Rules 701, 702, 703; *U.S. v. Mamah,* 332 F.3rd 475, 478 (7th Cir. 2003) ("experts' opinions are worthless without data and reasons").

6. **Government Exhibit 20:** Feasibility Report. Offered to prove Govt. Proposed Finding No. 47:

> "EPA determined that permitting boat traffic in the Old Mormon Slough over the sand cap would be detrimental to the cap, and could lead to re-surfacing or resuspension of the contaminated sediment."

**Legal Basis for Objection:**

a) The Proposed Finding is conclusory, misleading, confusing, and prejudicial, and therefore irrelevant, where it does not specify a host of important foundational facts, including, but not limited to: scientific analysis of the physical properties of the contaminants within the sediment bottom of the OMS and their inability to float, dissolve, or migrate, as well as their tendency to sink; scientific analysis of the physical properties of significant depths of water and the hydrostatic pressure exerted on the sediment bottom at depth; scientific analysis of the specific areas of high-level contamination; analysis of the types of boat traffic that could be expected to enter the capped area of the OMS to access the Subject Property and the physical properties of such vessels (*e.g.*, draft, propulsion, speeds), etc. These underlying foundational facts are fundamental to providing any relevant meaning to the Proposed Finding. FRE Rules 401, 402, 403. *See, e.g., In re Ar-La-Tex Timber Co., Inc.*, 482 F.3rd 319, 335 (5th Cir. 2007); *Turner v. Allstate Ins. Co.*, 902 F.2nd 1208, 1212-13 (6th Cir. 1990). Further, on summary judgment, "any doubts, inferences, or issues of credibility must be resolved against the moving party." *Sohio Transp. Co. v. U.S.*, 5 Fed.Cl. 620, 625 (1984).

b) The Proposed Finding is conclusionary, speculative, opinion evidence requiring scientific, technical, or other specialized knowledge, and no foundational facts have been submitted to support either the knowledge, skill, experience, training, or education ("qualifications") of those rendering the opinions, or the facts and data underlying and forming the basis of such opinions. FRE Rules 701, 702, 703; *U.S. v. Mamah,* 332 F.3rd 475, 478 (7th Cir. 2003) ("experts' opinions are worthless without data and reasons").

7. **Government Exhibit 20:** Feasibility Report. Offered to prove Govt. Proposed Finding No. 48:

> "EPA determined that permitting boat traffic in the Old Mormon Slough over the sand cap would be detrimental to the cap, and could lead to re-surfacing or resuspension of the contaminated sediment."

**Legal Basis for Objection:**

a) The Proposed Finding is conclusory, misleading, confusing, and prejudicial, and therefore irrelevant, where it does not specify a host of important foundational facts, including, but not limited to: scientific analysis of the physical properties of the contaminants within the sediment bottom of the OMS and their inability to float, dissolve, or migrate, as well as their tendency to sink; scientific analysis of the physical properties of significant depths of water and the hydrostatic pressure exerted on the sediment bottom at depth; scientific analysis of the specific areas of high-level contamination; analysis of the types of boat traffic that could be expected to enter the capped area of the OMS to access the Subject Property and the physical properties of such vessels (*e.g.*, draft, propulsion, speeds), etc. These underlying foundational facts are fundamental to providing any relevant meaning to the Proposed Finding. FRE Rules 401, 402, 403. *See, e.g., In re Ar-La-Tex Timber Co., Inc.*, 482 F.3rd 319, 335 (5th Cir. 2007); *Turner v. Allstate Ins. Co.*, 902 F.2nd 1208, 1212-13 (6th Cir. 1990). Further, on summary judgment, "any doubts, inferences, or issues of credibility must be resolved against the moving party." *Sohio Transp. Co. v. U.S.*, 5 Fed.Cl. 620, 625 (1984).

b) The Proposed Finding is conclusionary, speculative, opinion evidence requiring scientific, technical, or other specialized knowledge, and no foundational facts have been submitted to support either the knowledge, skill, experience, training, or education ("qualifications") of those rendering the opinions, or the facts and data underlying and forming the basis of such opinions. FRE Rules 701, 702, 703; *U.S. v. Mamah*, 332 F.3rd 475, 478 (7th Cir. 2003) ("experts' opinions are worthless without data and reasons").

8. **Government Exhibit 20:** Feasibility Report. Offered to prove Govt. Proposed Finding No. 48:

> "EPA also recognized that restricting boat access in the Old Mormon Slough would reduce "human exposure to contaminated fish and sediment."

**Legal Basis for Objection:**

a) The Proposed Finding is conclusory, misleading, confusing, and prejudicial, and therefore irrelevant, where it does not specify a host of important foundational facts, including, but not limited to: analysis and statistics for the frequency of boat traffic that could be expected to enter the capped area of the OMS to access the Subject Property for fishing purposes; scientific analysis of the specific areas of high-level contamination and whether any were in such area; the quantities of fish that visit the OMS (which is a dead end body of water); how far and frequently fish travel into the OMS toward the stagnant eastern end (having higher concentrations of contaminants in the sediment) or any other area with high-risk levels of contamination; how long fish remain in such areas; how long the fish live; the frequency with which such fish are caught by fishermen; what levels of contamination the typical fish could be expected to have, if any; the level of fish samplings conducted; whether fish studies/samplings were done after the spread of contaminants from the McCormick & Baxter Site ("M&B Site") was eliminated; evaluation of the likelihood that anyone could or would actually consume the level of contaminated fish that was sufficient to reach the assumed level of significant risk, etc. These underlying foundational facts are fundamental to providing any relevant meaning to the Proposed Finding. FRE Rules 401, 402, 403. *See, e.g., In re Ar-La-Tex Timber Co., Inc.*, 482 F.3rd 319, 335 (5th Cir. 2007); *Turner v. Allstate Ins. Co.*, 902 F.2nd 1208, 1212-13 (6th Cir. 1990). Further, on summary judgment, "any

doubts, inferences, or issues of credibility must be resolved against the moving party." *Sohio Transp. Co. v. U.S.*, 5 Fed.Cl. 620, 625 (1984).

b) The Proposed Finding is conclusionary, speculative, opinion evidence requiring scientific, technical, or other specialized knowledge, and no foundational facts have been submitted to support either the knowledge, skill, experience, training, or education ("qualifications") of those rendering the opinions, or the facts and data underlying and forming the basis of such opinions. FRE Rules 701, 702, 703; *U.S. v. Mamah,* 332 F.3rd 475, 478 (7th Cir. 2003) ("experts' opinions are worthless without data and reasons").

9. **Government Exhibit 22:** May 7, 1999 Letter from Chief, Northern California-Central Cleanup Operations Branch, California Dept. of Toxic Substances Control. Offered to prove Govt. Proposed Finding No. 51:

> "On May 7, 1999, the Chief of California's Department of Toxic Substances Control indicated the State's "concur[rence] with the selection of the final remedies for vadose soil and Old Mormon Slough sediments and the interim remedy for groundwater presented in the ROD. Also, we look forward to proceeding with the Design for the Sediment Cap, implementation of the associated institutional controls, and execution of the State Superfund Contract."

**Legal Basis for Objection:**

a) The Proposed Finding is misleading, confusing, and prejudicial, and therefore irrelevant, where it without foundation mischaracterizes a branch chief for a State department as the State of California. Further, to the extent it seeks to prove anything beyond concurrence with the EPA's remedy, the letter and Proposed Finding are irrelevant. FRE Rules 401, 402, 403. *See, e.g., Turner v. Allstate Ins. Co.*, 902 F.2nd 1208, 1212-13 (6th Cir. 1990) (excluding misleading evidence without sufficient foundation to establish reliability).

10. **Government Exhibit 23:** October 2000 Analysis of Dredging Modification to Alternative SD-2a. Offered to prove Govt. Proposed Finding No. 66:

> "In analyzing Dutra's proposal, EPA determined that "[s]tandard tugs and barges would scour sandy cap materials at these water depths [10-12 feet]," and efforts to counteract that scouring effect would require a decrease in the channel depth, which would "adversely affect [Dutra's] maneuvering of tugs, barges and dredges in the slough." Accordingly, EPA concluded that Dutra's proposal would "not meet Dutra's stated need for site access."

**Legal Basis for Objection:**

a) The Proposed Finding is misleading, confusing, and prejudicial, and therefore irrelevant, where it fails to address plaintiffs' uses of the OMS and Subject Property for a marina and small boat traffic, and whether those uses could in any way be expected to impact the Government's two-foot sand cap, fourteen feet beneath the surface of the OMS. FRE Rules 401, 402, 403. *See, e.g., Turner v. Allstate Ins. Co.,* 902 F.2nd 1208, 1212-13 (6th Cir. 1990) (excluding misleading evidence without sufficient foundation to establish reliability).

Dated: May 30, 2008 Respectfully Submitted,

SHAPIRO BUCHMAN PROVINE & PATTON, LLP

By: ______________________________
John H. Patton
Attorneys for Plaintiffs CRV Enterprises, Inc. and C. Ryan Voorhees

209346.1