John H. Patton, California SBN 069261
Bruce A. McIntosh, California SBN 175607
SHAPIRO BUCHMAN PROVINE & PATTON LLP
1333 North California Boulevard, Suite 350
Walnut Creek, CA 94596
Telephone: (925) 944-9700
Facsimile: (925) 944-9701
E-mail: jpatton@sbllp.com
Attorneys for Plaintiff CRV Enterprises, Inc.

**IN THE UNITED STATES COURT OF FEDERAL CLAIMS**

| | |
|---|---|
| **CRV ENTERPRISES, INC.,**<br>Plaintiff,<br>v.<br>**THE UNITED STATES OF AMERICA,**<br>Defendant. | No. 06-6607L<br>Judge: George W. Miller |

**PLAINTIFF'S INITIAL DISCLOSURES PURSUANT TO RCFC RULE 26**

Pursuant to Rule 26 of the Rules of the United States Court of Federal Claims (RCFC), plaintiff CRV Enterprises, Inc. (CRV) hereby submits the following initial disclosures:

**Rule 26(a)(1)(A) Witnesses:**



Exhibit 1 to
United States' Motion to Strike

Subject to its right to amend and/or supplement this disclosure as additional information and evidence becomes known to or obtainable by it, and subject to all rights to designate expert witnesses in accordance with the to-be-scheduled disclosure date, plaintiff CRV is *presently* aware of the identities of the following individuals or entities who are likely in possession of discoverable information that plaintiffs may use to support their existing claims in this action, other than for impeachment:

CRV; C. Ryan Voorhees (Voorhees), 28082 Nichols Road, Galt, CA 95632-8204 (209) 367-1706.

Bill T. Dutra; The Dutra Group, 1000 Point San Pedro Rd., San Rafael, CA 94901 (415) 258-6876.

McCormick & Baxter Creosoting Company, 6900 Edgewater Street, Portland, OR 92703 (telephone number unknown).

Ernie Pearson, Lee and Associates, 241 Frank West Circle, Suite 300, Stockton, CA 95206 (209) 983-1111.

Steve Carrigan, Office of Economic Development, City of Stockton, 425 N. El Dorado Street, Stockton, CA 95202 (209) 639-5800.

Steve Clark, 520 Carolyn Western Blvd, Suite F, Stockton CA 95206 (209) 608-0742.

ACC, Mike Brenner, 3701 Mallard Drive, Benicia, CA 94510 (707) 746-8028.

A1 Materials, Rod Lawley, 2720 Loomis Rd, Stockton, CA (telephone unknown).

Pacific Ag, Bob Whitaker 1732 Barcelona, Ave, Stockton, CA 95209 (209) 607-5268.

Mike Hakeem, Esq., 3414 Brookside Rd, Stockton, CA (209) 474-2800.

Grupe Company, Jim Silva, 3255 W. March Lane, Suite 400, Stockton, CA 95219 (209) 473-6062.

Lakemont Homes California, Fred Olson, 9370 Studio Court Suite 160, Elk Grove, CA 95758 (916) 478-2990.

Kimball Hill Homes, 10535 Stockton Blvd, Elk Grove, CA 95624 (916) 714-364.

Lynn Brager and Jolene Mittlestat, 28082 Nichols Rd, Galt, CA (209) 367-1706.

U. S. Environmental Protection Agency, 95 Hawthorne Street, Room 403, San Francisco, CA 94105 (415) 536-2000 (other addresses and telephone numbers are known to the EPA), including Marie Lacey, Keith A. Takata, Elizabeth Adams, Laurie Williams.

The subjects of the information that plaintiff CRV is *presently* aware of that are likely to be in possession of the above individuals and entities, are as follows:

Events and evidence concerning the condition, uses, value, and developability of the real property that is the subject of CRV's Complaint herein (Maritime Center property), as well as the purchase of that property by CRV. Events and evidence concerning the condition and uses of the Mormon Slough and Stockton Deep Water Channel. Events and evidence concerning efforts to develop, improve, entitle, or otherwise use the Maritime Center property. Events and

evidence concerning the McCormick & Baxter Creosoting Co. property located across the Mormon Slough from the Maritime Center property, and the historical use and condition of that property. Events and evidence concerning the defendant EPA's remediation project at the McCormick & Baxter site, as well as in adjoining properties, including the Mormon Slough, including all studies, reports, analysis, steps, and determinations made in connection with such project. Events and evidence concerning plaintiff CRV's damages and harm resulting from the defendant EPA's deprivation of the highest and best uses of the Maritime Center property, and efforts to mitigate same. Facts and events alleged in plaintiff CRV's Complaint and defendant's Answer.

**Rule 26(a)(1)(B) Documents and Things:**

Subject to its right to amend and/or supplement this disclosure as additional information and evidence becomes known to or obtainable by it, and subject to all privileges and protections, plaintiff CRV is *presently* aware of the following categories of discoverable documents, writings, data compilations, and tangible things *presently* within its possession, custody and control (collectively, "documents") that plaintiff may use to support its existing claims in this action, other than for impeachment:

1) Agreements and documents exchanged with Dutra for CRV's purchase of the property.

2) Documents concerning the condition, uses, value, and developability of the Maritime Center property.



Exhibit 1 to
United States' Motion to Strike
Case No. 06-6607L

3) Documents concerning the condition and uses of the Mormon Slough and Stockton Deep Water Channel.

4) Documents concerning efforts to develop, improve, entitle or otherwise use the Maritime Center property.

5) Documents concerning the McCormick & Baxter Creosoting Co. property located across the Mormon Slough from the Maritime Center property, and the historical use and condition of that property.

6) Documents concerning the defendant EPA's remediation project at the McCormick & Baxter site, as well as in adjoining properties, including the Mormon Slough, including all studies, reports, analysis, steps, and determinations made in connection with such project.

7) Documents concerning plaintiff CRV's damages and harm resulting from the defendant EPA's deprivation of the highest and best uses of the Maritime Center property, and efforts to mitigate same.

The above evidence, to the extent within plaintiff CRV's possession, custody and control, is presently located at CRV's offices, and/or those of plaintiffs' counsel, c/o John H. Patton, Shapiro Buchman Provine & Patton, LLP, 1333 North California Boulevard, Suite 350, Walnut Creek, CA 94596. Responding party is producing herewith documents Bate-stamped CRV0001-0308, and copies of additional responsive documents will be produced to defendant's counsel on or before June 18, 2007. It is believed that defendant already possesses many of the responsive documents, including those concerning the EPA remediation project and the McCormick & Baxter Superfund site. Plaintiff CRV believes that further

The documents and materials supporting these estimates *presently* within the possession, custody, and control of plaintiffs are included within the categories of documents and evidence disclosed above in response to Rule 26(a)(1)(B), and are provided or are available for inspection under the same terms.

**Rule 26(a)(2) Disclosure of Expert Testimony:**

Plaintiff CRV intends to make its disclosures as to the identity of persons who may be used at trial to present evidence under Rules 702, 703, or 705 of the Federal Rules of Evidence at least 70 days before the scheduled close of discovery, pursuant to Rule 26(a)(2)(C).

**Concluding Statement:**

The above matters constitute all matters required to be disclosed by plaintiffs in their initial disclosures under Rule 26 as of the date of these disclosures. Plaintiffs reserve all rights to update, amend, and/or supplement these disclosures consistent with Rule 26.

Dated: June 12, 2007

Respectfully Submitted,

SHAPIRO BUCHMAN PROVINE & PATTON LLP

By: ______________________
John H. Patton
Attorneys for Plaintiff CRV Enterprises, Inc.

201883.1



Exhibit 1 to
United States' Motion to Strike
Case No. 06-6607L

## PROOF OF SERVICE

I, Del T. McKay, declare:

I am employed in the County of Contra Costa; my business address is 1333 N. California Blvd., Suite 350, Walnut Creek, CA 94596. I am over the age of 18 years and not a party to the foregoing action.

On June 12, 2007, I served the following document(s):

**PLAINTIFF'S INITIAL DISCLOSURES PURSUANT TO RCFC RULE 26**

☐ **(by facsimile transmission)** on all parties by transmitting said document(s) from our offices by facsimile machine (925) 944-9701 to facsimile machine number(s) shown below. Following transmission, I received a "Transmission Report" from our fax machine indicating that the transmission had been transmitted without error.

☒ **(by mail)** on all parties in said action, in accordance with Code of Civil Procedure §1013a(3), by placing a true copy thereof enclosed in a sealed envelope in a designated area for outgoing mail, addressed as set forth below. At Shapiro Buchman Provine & Patton LLP, mail placed in that designated area is given the correct amount of postage and is deposited that same day, in the ordinary course of business, in a United States mailbox in the City of Walnut Creek, California.

☐ **(by personal delivery)** by causing to be personally delivered a true copy thereof to the person and at the address set forth below.

☒ **(by email)** a true copy thereof to the person at the address set forth below.

William J. Shapiro
Helenanne Listerman
Trial Attorney
Natural Resources Section
Environment & Natural Resources Division
U.S. Department of Justice
501 I Street, Suite 9-700
Sacramento, CA 95814
Email: William.Shapiro@usdoj.gov
(916) 930-2207; Fax (916) 930-2210
**Attorneys for Defendant**

I declare under penalty of perjury that the foregoing is true and correct. Executed on the date first set forth above, at Walnut Creek, California.

Del T. McKay

John H. Patton, California SBN 069261
Bruce A. McIntosh, California SBN 175607
SHAPIRO BUCHMAN PROVINE & PATTON LLP
1333 North California Boulevard, Suite 350
Walnut Creek, CA 94596
Telephone: (925) 944-9700
Facsimile: (925) 944-9701
E-mail: jpatton@sbllp.com
Attorneys for Plaintiff CRV Enterprises, Inc.

**IN THE UNITED STATES COURT OF FEDERAL CLAIMS**

| | |
|---|---|
| **CRV ENTERPRISES, INC.,** Plaintiff, v. **THE UNITED STATES OF AMERICA,** Defendant. | No. 06-6607L<br>Judge: George W. Miller |

**PLAINTIFF'S RESPONSE TO DEFENDANT'S FIRST SET OF INTERROGATORIES**

Pursuant to Rule 33 of the Rules of the United States Court of Federal Claims (RCFC), plaintiff CRV Enterprises, Inc. (CRV) hereby responds to defendant United California States of America's (USA) Special Interrogatories, Set No. 1 ("Interrogatories") propounded on April 16, 2007, as follows:

whatsoever upon the navigational characteristics of the Stockton Deep Water Channel.

(b) CRV, Voorhees, EPA, and anyone who visits the Maritime Center property, the Mormon Slough, or the Stockton Deep Water Channel. Discovery is continuing.

(c) Please see Exhibits B and C attached hereto. Discovery is continuing.

(d) Please see item 16(c) above.

**INTERROGATORY NO. 17:**

(a) CRV objects to this interrogatory on the grounds that it has no relevance or materiality to the subject matter or issues in this case. Without waiving any objection, CRV answers as follows:

CRV has no information that the EPA's project actually did or does what RFA No. 6 states, whether the McCormick & Baxter site was a "nuisance," whether the EPA's project has been effective "to prevent the further spread of contaminants," or whether a "threat to human health" existed. CRV is informed and believes that the EPA acted on behalf of the public in undertaking the McCormick & Baxter project, and that it intended that its actions would fulfill a public purpose by preventing or limiting the spread of environmental contamination. CRV also believes that there were more effective means of accomplishing that goal that were available to the EPA without the taking of private property.

(b) CRV, Voorhees, EPA, and anyone involved in the EPA's McCormick & Baxter project. Discovery is continuing.



Exhibit 2 to
United States' Motion to Strike

(c) No responsive documents are known to CRV. Discovery is continuing.

(d) N/A.

Dated: June 12, 2007

SHAPIRO BUCHMAN PROVINE & PATTON LLP

By: ______________________________
John H. Patton
Attorneys for Plaintiff CRV Enterprises, Inc.

## VERIFICATION

I, C. Ryan Voorhees, state and declare:

1. I am an officer of plaintiff CRV Enterprises, Inc. (CRV), and authorized to make this Verification on behalf of CRV. I have read the attached responses and know their contents.

2. The attached responses are true and correct to the best of my personal knowledge, information, and belief.

3. I declare under penalty of perjury under the laws of the State of California and United States of America that the foregoing is true and correct.

Executed this _____ day of June, at Galt, California.

Verification to follow

______________________________
C. Ryan Voorhees

201850.1

# PROOF OF SERVICE

I, Del T. McKay, declare:

I am employed in the County of Contra Costa; my business address is 1333 N. California Blvd., Suite 350, Walnut Creek, CA 94596. I am over the age of 18 years and not a party to the foregoing action.

On June 12, 2007, I served the following document(s):

## PLAINTIFF'S RESPONSE TO DEFENDANT'S FIRST SET OF INTERROGATORIES

☐ **(by facsimile transmission)** on all parties by transmitting said document(s) from our offices by facsimile machine (925) 944-9701 to facsimile machine number(s) shown below. Following transmission, I received a "Transmission Report" from our fax machine indicating that the transmission had been transmitted without error.

☒ **(by mail)** on all parties in said action, in accordance with Code of Civil Procedure §1013a(3), by placing a true copy thereof enclosed in a sealed envelope in a designated area for outgoing mail, addressed as set forth below. At Shapiro Buchman Provine & Patton LLP, mail placed in that designated area is given the correct amount of postage and is deposited that same day, in the ordinary course of business, in a United States mailbox in the City of Walnut Creek, California.

☐ **(by personal delivery)** by causing to be personally delivered a true copy thereof to the person and at the address set forth below.

☒ **(by email)** a true copy thereof to the person at the address set forth below.

William J. Shapiro
Helenanne Listerman
Trial Attorney
Natural Resources Section
Environment & Natural Resources Division
U.S. Department of Justice
501 I Street, Suite 9-700
Sacramento, CA 95814
Email: William.Shapiro@usdoj.gov
(916) 930-2207; Fax (916) 930-2210
**Attorneys for Defendant**

I declare under penalty of perjury that the foregoing is true and correct. Executed on the date first set forth above, at Walnut Creek, California.

Del T. McKay

John H. Patton, California SBN 069261
Matthew K. Wisinski, California SBN 195535
SHAPIRO BUCHMAN PROVINE & PATTON LLP
1333 North California Boulevard, Suite 350
Walnut Creek, CA 94596
Telephone: (925) 944-9700
Facsimile: (925) 944-9701
E-mail: jpatton@sbllp.com
Attorneys for Plaintiff CRV Enterprises, Inc.

**IN THE UNITED STATES COURT OF FEDERAL CLAIMS**

| | |
|---|---|
| **CRV ENTERPRISES, INC., a California corporation, C. Ryan Voorhees, an individual,**<br><br>Plaintiffs,<br><br>vs.<br><br>**THE UNITED STATES OF AMERICA,**<br><br>Defendant. | No. 06-660L<br><br>**PLAINTIFF CRV ENTERPRISES, INC.'S THIRD SUPPLEMENTAL RESPONSES TO FIRST SET OF INTERROGATORIES**<br><br>Judge George W. Miller |

**PLAINTIFF CRV ENTERPRISES, INC.'S THIRD SUPPLEMENTAL RESPONSE TO DEFENDANT'S FIRST SET OF INTERROGATORIES**

Pursuant to Rule 33 of the Rules of the United States Court of Federal Claims (RCFC), and pursuant to General Instruction II of defendant United States of America's (USA) First Set of Interrogatories, plaintiff CRV Enterprises, Inc. (CRV) hereby supplements its responses, as follows:

**INTERROGATORY NO. 17:**

As to Interrogatory No. 17, the second paragraph of subpart (a) of the response is amended to read: CRV and Voorhees answer as follows with regard to the EPA's actions on the McCormick & Baxter site: As a result of discovery, CRV and Voorhees now believe that the McCormick & Baxter site itself likely was a "nuisance," and that the EPA's clean-up efforts on that site may have helped to "prevent the further spread of contaminants" from that site. CRV and Voorhees are informed and believe that the EPA acted on behalf of the public in undertaking the McCormick & Baxter project, and that it intended that its actions would fulfill a public purpose by preventing or limiting the spread of environmental contamination.

As to Interrogatory No. 17, a third paragraph is added, as follows: As to the EPA's actions within the Mormon Slough (capping the sediment and erection of a log boom), which were not on the McCormick & Baxter site, CRV and Voorhees answer as follows: Based on discovery, including the Record of Decision (CRV Deposition Exhibit 37B), and the exhibits and deposition testimony from Marie Lacey's deposition, there appears to be no evidence that: 1) the EPA's actions have eliminated or reduced any nuisance or contamination in the Mormon Slough or will do so in the future; and 2) that the EPA's actions have significantly prevented or reduced any spread of contaminants, or will do so in the future. In short, there appears to be no evidence that the EPA's actions within the Mormon Slough have achieved any public benefit. CRV and Voorhees also believe that there were more effective means of addressing any contamination within the Mormon Slough that were available to the EPA without the taking of private property.



Exhibit 3 to
United States' Motion to Strike

As to Interrogatory No. 17, subpart (c) of the response is amended to read: Transcript for October 23, 2007 Deposition of Marie Lacey; Exhibits 11-20, Marie Lacey Deposition; Exhibit 37B, CRV/Voorhees Deposition.

Dated: March 5, 2008

Respectfully Submitted,

SHAPIRO BUCHMAN PROVINE & PATTON LLP

By: ______________________________
John H. Patton
Attorneys for Plaintiffs CRV Enterprises, Inc. and C. Ryan Voorhees

CRV ENTERPRISES, INC.

By: ______________________________
C. Ryan Voorhees

207333.1



Exhibit 3 to
United States' Motion to Strike

As to Interrogatory No. 17, subpart (c) of the response is amended to read: Transcript for October 23, 2007 Deposition of Marie Lacey; Exhibits 11-20, Marie Lacey Deposition; Exhibit 37B, CRV/Voorhees Deposition.

Dated: March 5, 2008

Respectfully Submitted,

SHAPIRO BUCHMAN PROVINE & PATTON LLP

By: ______________________
John H. Patton
Attorneys for Plaintiffs CRV Enterprises, Inc. and C. Ryan Voorhees

CRV ENTERPRISES, INC.

By: ______________________
C. Ryan Voorhees

207333 1



Exhibit 3 to
United States' Motion to Strike

**IN THE UNITED STATES COURT OF FEDERAL CLAIMS**

| | |
|---|---|
| CRV ENTERPRISES, INC., Plaintiff, v. THE UNITED STATES Defendant. | Case No. 06-6607L<br>Judge George W. Miller |

**DEFENDANT'S FIRST SET OF INTERROGATORIES, REQUESTS FOR ADMISSION AND REQUESTS FOR PRODUCTION OF DOCUMENTS TO PLAINTIFF**

WILLIAM SHAPIRO
Trial Attorney
Natural Resources Section
Environment & Natural Resources Division
U.S. Department of Justice
501 I Street, Suite 9-700
Sacramento, CA 95814
Tele: (916) 930-2207
Fax: (916) 930-2210

HELENANNE LISTERMAN
Natural Resources Section
Environment and Natural Resources Division
United States Department of Justice
P. O. Box 663
Washington, D.C. 20044-0663
Tele: (202) 305-0465
Fax: (202) 305-0506

Attorneys for Defendant

Dated this __ day of April, 2007

<u>Of Counsel</u>:

Laurie Williams (ORC-3)
Office of Regional Counsel
United States Environmental Protection Agency
Region IX
75 Hawthorne Street
San Francisco, CA 94105
(415) 972-3867

Pursuant to Rules 26, 33, 34, and 36 of the Rules of the United States Court of Federal Claims, Plaintiff CRV Enterprises, Inc., is hereby requested to respond in writing and under oath within thirty (30) days from service of the following:

## GENERAL INSTRUCTIONS

I. These interrogatories, requests for admission and requests for production of documents call for all relevant information (including information contained in or on writings, recordings, photographs or any other material) known or available to the Plaintiff including all information in the possession of Plaintiff's attorneys, consultants, accountants, auditors, or other professional persons or experts, or investigators, or any other person on behalf of or under the direction or control of Plaintiff or Plaintiff's attorney.

II. These interrogatories, requests for admission and requests for production of documents shall constitute a continuing request for information so as to require responses to be supplemented as required under the rules of this Court.

III. As used herein, the following terms shall have the following meanings:

1. **"You"** and **"Your"** means and refers to Plaintiff CRV Enterprises, Inc., and all agents or representatives of the Plaintiff.

2. **"Property"** or **"Plaintiff's Property"** refers to the real property described in Paragraph 6 of the Complaint, a portion of which Plaintiff alleges was taken by Defendant.

3. **"Person"** means and includes, in the plural as well as in the singular, any natural person, firm, association, corporation, governmental entity, or any other entity, including all representatives of any such person(s).

4. **"Complaint**" means and refers to the complaint filed by Plaintiff CRV Enterprises, Inc., in Case Number 06-6607L in the Court of Federal Claims on or about September 19, 2006.

5. **"Remediation Project Improvements"** are any and all activities undertaken by Defendant to address the contamination issues at the former properties of the McCormick & Baxter Creosoting Company. These activities, which Plaintiff alleges effected a taking of its property, are described at Paragraphs 21-29 of Plaintiff's Complaint (and include all



Exhibit 4 to
United States' Motion to Strike

construction, deposition of sediment and sand cap, and installation of barriers such as sheet piles and log booms).

6. **"Document"** means and includes any printed, typewritten, or handwritten matter of whatever character, including without limitation, letters, memoranda, telegrams, cables, reports, charts, business records, personal records, maps, pamphlets, handwritten notes, minutes of meetings, notes of meetings or conversations, catalogues, written agreements, and any carbon or photostatic copies of such material if Plaintiff does not have control or possession of the original. "Document" also includes any "writing" as that term is defined in Rule 1001(1) of the Federal Rules of Evidence. "Document" also includes information stored by a computer or on a computer disk, diskette, tape, card or other form of computer memory storage, as well as any electronic recording, tape, recording, photograph, video, film, microfilm, microfiche, or similar recording of words, film, microfilm, microfiche, or similar recording of words, images, sounds, pictures, or information of any kind. "Document" also includes any and all amendments or supplements to any of the foregoing, whether prepared by Plaintiff or any other person.

7. **"Oral Communication"** means and includes any face-to-face conversation, meeting, conference, telephone conversation, telephone conference, and communication by the use of any medium other than writing.

8. A request for the identification and description of a Document shall be deemed to include a request for the following information with respect to that Document:

A. The title of the Document with sufficient particularity to enable the same to be identified;
B. The nature of the Document (e.g., contract, letter, etc.);
C. The date of the Document;
D. The date the Document was executed, if different from the date it bears;
E. The identification, in the manner described in paragraph 10 below, of each person or entity to whom the Document is addressed or to whom copies were sent;
F. The identification, in the manner described in paragraph 10 below, of each person who signed the Document or over whose name it was issued;
G. Any file number of other identifying information used in connection with the Document;
H. The physical description of the Document, including the number of pages;
I. The present location of the original of the Document;
J. The identification, in the manner set forth in paragraph 10 below, of all Persons having possession, custody, or control of the original of the Document;
K. The location of copies of the Document; and
L. The identification, in the manner set forth in paragraph 10 below, of any

and all Person(s) who have possession or control of copies of the Document.

All of the above subparts except I, J, K and L may be satisfied by attaching a legible copy of the document to Your answer hereto, and labeling each such copy with the numbers of each interrogatory to which it is responsive.

9. A request for the identification and description of an Oral Communication shall be deemed to include a request for the following information with respect to that oral communication:

A. The identification, in the manner described in paragraph 10 below, of each Person who participated in or heard any part of said communications;
B. The date of the communication;
C. The medium used for such communication (e.g., in person, by telephone, etc.);
D. The substance of what was said by each Person participating in the communication; and
E. The identification, the manner described in paragraph 8 above, or each Document which records, summarizes, confirms or in any manner refers to the communication.

10. A request for the identification of a person shall be deemed to include a request for the following information with respect to that person:

A. His or her full name;
B. His or her address (business or residence);
C. His or her telephone number (business or residence);
D. His or her present employer and occupation or business; and
E. His or her employer and occupation or business on the date on which the facts or transactions referred to occurred and the capacity in which he or she was then serving.

11. A request to state all facts upon which a response to an interrogatory is based includes a request to:

A. Identify each fact, circumstance, event, or information upon which You base that response;
B. Identify and describe each document upon which You base that response;
C. Identify and describe each and every Oral Communication upon which You rely in support of Your response;
D. Identify each person whom You believe has any knowledge of any of such facts, circumstances, events, information or documents; and
E. State if You rely upon no Document or Oral Communications in support of Your response, or if no Persons have knowledge or any of the facts, circumstances, events, information, Documents or Oral Communications involved therein.

III. If You do not answer any interrogatory or part thereof on the basis of a privilege, state the privilege You are asserting and all facts which support Your assertion of the privilege



Exhibit 4 to
United States' Motion to Strike

including, for a conversation, the date and place of the conversation, and including for a document, the date of the document, who prepared it, to whom it was distributed, the type of document, and the subject matter of the document.

IV. If You cannot answer an interrogatory completely, please answer those parts You are able to answer and designate those parts You cannot completely answer and the reason(s) why You cannot so answer.

**INTERROGATORY NO. 17:**

If Your answer to Request for Admission No. 6 is anything other than an unqualified admission, please state:

a. Each and every fact upon which You base Your response;

b. Identify the Person(s) who has (have) knowledge of said fact(s);

c. Identify each Document(s) which contains said fact(s); and

d. Identify the custodian of said Document(s).

RESPONSE:

## REQUESTS FOR ADMISSION

**REQUEST FOR ADMISSION NO. 1:**

Plaintiff was aware of Defendant's intention to halt navigational access to the Mormon Channel prior to entering into the written purchase and sale agreement described in Paragraph 7 of the Complaint.

RESPONSE:

**REQUEST FOR ADMISSION NO. 2:**

The Fifth Amendment does not require compensation for interference with Plaintiff's ability to navigate on either the Mormon Channel or the Stockton Deep Water Channel and Plaintiff's Complaint does not allege, or intend to allege, a taking of such a right.

RESPONSE:

**REQUEST FOR ADMISSION NO. 3:**

The alleged postponement of the completion of the Remediation Project Improvements, as alleged in Paragraph 28 of Your Complaint, is irrelevant to the question of whether the United States is liable for a violation of the Fifth Amendment.

RESPONSE:

**REQUEST FOR ADMISSION NO. 3:**

None of the Remediation Project Improvements are physically located on Plaintiff's Property.

RESPONSE:

**REQUEST FOR ADMISSION NO. 4:**

The Remediation Project Improvements have not prevented Plaintiff from accessing, or interfered with Plaintiff's ability to access, the navigable portions of either the Mormon Channel or the Stockton Deep Water Channel.

RESPONSE:

**REQUEST FOR ADMISSION NO. 5:**

The Remediation Project Improvements aid in the prevention of the further spread of contaminants and, therefore, help to protect the navigational characteristics of the Mormon Channel and the Stockton Deep Water Channel.

RESPONSE:

**REQUEST FOR ADMISSION NO. 6:**

The Remediation Project Improvements were undertaken in order to address a nuisance, specifically to prevent the further spread of contaminants that were a threat to human health and the environment.

RESPONSE: