# EXHIBIT 1

John H. Patton, California SBN 069261
Bruce A. McIntosh, California SBN 175607
SHAPIRO BUCHMAN PROVINE & PATTON LLP
1333 North California Boulevard, Suite 350
Walnut Creek, CA 94596
Telephone: (925) 944-9700
Facsimile: (925) 944-9701
E-mail: jpatton@sbllp.com
Attorneys for Plaintiff CRV Enterprises, Inc.

IN THE UNITED STATES COURT OF FEDERAL CLAIMS

| | |
|---|---|
| CRV ENTERPRISES, INC., Plaintiff, v. THE UNITED STATES OF AMERICA, Defendant. | No. 06-6607L<br>Judge: George W. Miller |

## PLAINTIFF'S INITIAL DISCLOSURES PURSUANT TO RCFC RULE 26

Pursuant to Rule 26 of the Rules of the United States Court of Federal Claims (RCFC), plaintiff CRV Enterprises, Inc. (CRV) hereby submits the following initial disclosures:

EXHIBIT 1

Rule 26(a)(1)(A) Witnesses:

Subject to its right to amend and/or supplement this disclosure as additional information and evidence becomes known to or obtainable by it, and subject to all rights to designate expert witnesses in accordance with the to-be-scheduled disclosure date, plaintiff CRV is *presently* aware of the identities of the following individuals or entities who are likely in possession of discoverable information that plaintiffs may use to support their existing claims in this action, other than for impeachment:

CRV; C. Ryan Voorhees (Voorhees), 28082 Nichols Road, Galt, CA 95632-8204 (209) 367-1706.

Bill T. Dutra; The Dutra Group, 1000 Point San Pedro Rd., San Rafael, CA 94901 (415) 258-6876.

McCormick & Baxter Creosoting Company, 6900 Edgewater Street, Portland, OR 92703 (telephone number unknown).

Ernie Pearson, Lee and Associates, 241 Frank West Circle, Suite 300, Stockton, CA 95206 (209) 983-1111.

Steve Carrigan, Office of Economic Development, City of Stockton, 425 N. El Dorado Street, Stockton, CA 95202 (209) 639-5800.

Steve Clark, 520 Carolyn Western Blvd, Suite F, Stockton CA 95206 (209) 608-0742.

ACC, Mike Brenner, 3701 Mallard Drive, Benicia, CA 94510 (707) 746-8028.

A1 Materials, Rod Lawley, 2720 Loomis Rd, Stockton, CA (telephone unknown).

Pacific Ag, Bob Whitaker 1732 Barcelona, Ave, Stockton, CA 95209 (209) 607-5268.

Mike Hakeem, Esq., 3414 Brookside Rd, Stockton, CA (209) 474-2800.

Grupe Company, Jim Silva, 3255 W. March Lane, Suite 400, Stockton, CA 95219 (209) 473-6062.

Lakemont Homes California, Fred Olson, 9370 Studio Court Suite 160, Elk Grove, CA 95758 (916) 478-2990.

Kimball Hill Homes, 10535 Stockton Blvd, Elk Grove, CA 95624 (916) 714-364.

Lynn Brager and Jolene Mittlestat, 28082 Nichols Rd, Galt, CA (209) 367-1706.

U. S. Environmental Protection Agency, 95 Hawthorne Street, Room 403, San Francisco, CA 94105 (415) 536-2000 (other addresses and telephone numbers are known to the EPA), including Marie Lacey, Keith A. Takata, Elizabeth Adams, Laurie Williams.

The subjects of the information that plaintiff CRV is *presently* aware of that are likely to be in possession of the above individuals and entities, are as follows:

Events and evidence concerning the condition, uses, value, and developability of the real property that is the subject of CRV's Complaint herein (Maritime Center property), as well as the purchase of that property by CRV. Events and evidence concerning the condition and uses of the Mormon Slough and Stockton Deep Water Channel. Events and evidence concerning efforts to develop, improve, entitle, or otherwise use the Maritime Center property. Events and

evidence concerning the McCormick & Baxter Creosoting Co. property located across the Mormon Slough from the Maritime Center property, and the historical use and condition of that property. Events and evidence concerning the defendant EPA's remediation project at the McCormick & Baxter site, as well as in adjoining properties, including the Mormon Slough, including all studies, reports, analysis, steps, and determinations made in connection with such project. Events and evidence concerning plaintiff CRV's damages and harm resulting from the defendant EPA's deprivation of the highest and best uses of the Maritime Center property, and efforts to mitigate same. Facts and events alleged in plaintiff CRV's Complaint and defendant's Answer.

Rule 26(a)(1)(B) Documents and Things:

Subject to its right to amend and/or supplement this disclosure as additional information and evidence becomes known to or obtainable by it, and subject to all privileges and protections, plaintiff CRV is *presently* aware of the following categories of discoverable documents, writings, data compilations, and tangible things *presently* within its possession, custody and control (collectively, "documents") that plaintiff may use to support its existing claims in this action, other than for impeachment:

1) Agreements and documents exchanged with Dutra for CRV's purchase of the property.

2) Documents concerning the condition, uses, value, and developability of the Maritime Center property.

3) Documents concerning the condition and uses of the Mormon Slough and Stockton Deep Water Channel.

4) Documents concerning efforts to develop, improve, entitle or otherwise use the Maritime Center property.

5) Documents concerning the McCormick & Baxter Creosoting Co. property located across the Mormon Slough from the Maritime Center property, and the historical use and condition of that property.

6) Documents concerning the defendant EPA's remediation project at the McCormick & Baxter site, as well as in adjoining properties, including the Mormon Slough, including all studies, reports, analysis, steps, and determinations made in connection with such project.

7) Documents concerning plaintiff CRV's damages and harm resulting from the defendant EPA's deprivation of the highest and best uses of the Maritime Center property, and efforts to mitigate same.

The above evidence, to the extent within plaintiff CRV's possession, custody and control, is presently located at CRV's offices, and/or those of plaintiffs' counsel, c/o John H. Patton, Shapiro Buchman Provine & Patton, LLP, 1333 North California Boulevard, Suite 350, Walnut Creek, CA 94596. Responding party is producing herewith documents Bate-stamped CRV0001-0308, and copies of additional responsive documents will be produced to defendant's counsel on or before June 18, 2007. It is believed that defendant already possesses many of the responsive documents, including those concerning the EPA remediation project and the McCormick & Baxter Superfund site. Plaintiff CRV believes that further

documents/evidence will be identified or discovered, and it will amend this Disclosure when the same occurs.

<u>Rule 26(a)(1)(C) Damages</u>:

Subject to its right to amend and/or supplement this disclosure as additional information and evidence becomes known to or obtainable by it, excluding litigation costs and interest (presently unknown and which will be calculated at or following judgment), and subject to appropriate economic analysis by qualified forensic consultants (such as appraisers) to be designated in the course of expert discovery per schedule not yet in place, plaintiff CRV is *presently* aware of the following category of damages claimed by it as a result of the actions of defendants which are the subject of CRV's existing claims in this action, and the following current estimated computations of same:

a) Diminution in value to Maritime Center property as a result of defendant EPA's taking -- Present estimated computation $2,613,000±. Computation made by estimating the fair market value of the Maritime Center property available for development at its highest and best uses as a developed maritime center at $20/square foot, and subtracting the estimated fair market value of the Maritime Center property based upon its highest and best uses, as burdened by the EPA's taking, at $14/square foot.

Again, these are present estimates and plaintiffs' damage computations will be amended and supplemented in accordance with discovery and consultation with qualified forensic consultants.

The documents and materials supporting these estimates *presently* within the possession, custody, and control of plaintiffs are included within the categories of documents and evidence disclosed above in response to Rule 26(a)(1)(B), and are provided or are available for inspection under the same terms.

**Rule 26(a)(2) Disclosure of Expert Testimony:**

Plaintiff CRV intends to make its disclosures as to the identity of persons who may be used at trial to present evidence under Rules 702, 703, or 705 of the Federal Rules of Evidence at least 70 days before the scheduled close of discovery, pursuant to Rule 26(a)(2)(C).

**Concluding Statement:**

The above matters constitute all matters required to be disclosed by plaintiffs in their initial disclosures under Rule 26 as of the date of these disclosures. Plaintiffs reserve all rights to update, amend, and/or supplement these disclosures consistent with Rule 26.

Dated: June 12, 2007

Respectfully Submitted,

SHAPIRO BUCHMAN PROVINE & PATTON LLP

By: ____________________________
John H. Patton
Attorneys for Plaintiff CRV Enterprises, Inc.

201883.1

# EXHIBIT 2

John H. Patton, California SBN 069261
Matthew K. Wisinski, California SBN 195535
SHAPIRO BUCHMAN PROVINE & PATTON LLP
1333 North California Boulevard, Suite 350
Walnut Creek, CA 94596
Telephone: (925) 944-9700
Facsimile: (925) 944-9701
E-mail: jpatton@sbllp.com
Attorneys for Plaintiff CRV Enterprises, Inc.

IN THE UNITED STATES COURT OF FEDERAL CLAIMS

| | |
|---|---|
| CRV ENTERPRISES, INC., Plaintiff, | |
| v. | |
| THE UNITED STATES OF AMERICA, Defendant. | Date: January 15, 2008<br>Case No. 06-660L<br>Judge George W. Miller |

## NOTICE OF TAKING DEPOSITION AND REQUEST FOR PRODUCTION OF DOCUMENTS

TO ALL PARTIES AND TO THEIR ATTORNEYS OF RECORD:

PLEASE TAKE NOTICE that pursuant to Rule 30(b)(6) of the Rules of the United States Court of Federal Claims, that plaintiff CRV Enterprises, Inc. ("CRV") will take the deposition of defendant United States of America ("USA") through its governmental agency, the U.S. Environmental Protection Agency ("USEPA") in the above-entitled action, commencing at 9:30 a.m. on January 15, 2008, and continuing thereafter from day-to-day until completed, unless otherwise agreed upon by the



EXHIBIT 2

parties. Said deposition shall be taken at the offices of Shapiro Buchman Provine & Patton, LLP, counsel for plaintiff, 1333 North California Boulevard, Walnut Creek, CA 94596 (925) 944-9700, and shall be recorded stenographically by and before a duly authorized deposition officer.

**NOTICE IF FURTHER GIVEN** that pursuant to Rule 30(b)(6) of the Rules of the United States Court of Federal Claims, that the USEPA is required to designate one or more officers, directors, or managing agents, or other persons who consent to testify on its behalf, and to set forth each person designated those matters on which such person will testify.

## DEFINITIONS

For purposes of designating matters upon which examination is requested herein, the following definitions shall apply:

1. That certain improved real property of approximately 9.54 acres located in the City of Stockton, San Joaquin County, California, described as Assessor's Parcel No. 145-190-08, and bearing a street address of 1404 West Weber Avenue, Stockton, CA 95203, sometimes called the "E Port Center," and sometimes called the "Stockton Maritime Center," which is the subject of this action, is hereinafter referred to as "the Subject Property."

2. The former site of the McCormick & Baxter Creosoting Company, 1214 West Washington Street, Stockton, California, as referred to in the USEPA's Record of Decision dated March 31, 1999, is hereinafter referred to as "the M&B Site."

3. The Old Mormon Slough adjacent and to the north and west of the M&B site, including all waters and subsurface sediment, is hereinafter referred to as "the OMS."

4. The USEPA's remediation project on the M&B site, as referred to in the USEPA's Record of Decision dated March 31, 1999, is hereinafter referred to as "the M&B Project."

5. The USEPA's remediation project within the OMS, as referred to in the USEPA's Record of Decision dated March 31, 1999, is hereinafter referred to as "the OMS Project."

## MATTERS FOR DEPOSITION EXAMINATION

The matters for which examination is requested are as follows:

1. The nature and extent that remedial activities conducted by the USEPA on or at the M&B Site have reduced contamination levels on or at the M&B Site.

2. The USEPA's present level of expectancy as to the nature and extent that remedial activities conducted by the USEPA on or at the M&B Site will reduce contamination levels on or at the M&B Site over the next 1-25 years, and the factual basis of that expectancy.

3. The nature and extent that remedial activities conducted by the USEPA on or at the M&B Site have reduced contamination levels on or in the OMS.

4. The USEPA's present level of expectancy as to the nature and extent that remedial activities conducted by the USEPA on or at the M&B Site will reduce contamination levels on or at the M&B Site over the next 1-25 years, and the factual basis of that expectancy.

5. The USEPA's findings as to levels of contamination existent at the Subject Property at any time.

6. The nature and extent that remedial activities conducted by the USEPA on or at the M&B Site have reduced contamination levels on or at the Subject Property.

7. The USEPA's present level of expectancy as to the nature and extent that remedial activities conducted by the USEPA on or at the M&B Site will reduce contamination levels on or at the Subject Property over the next 1-25 years, and the factual basis of that expectancy.

8. The nature and extent that remedial activities conducted by the USEPA on or in the OMS have reduced contamination levels on or in the OMS.

9. The USEPA's present level of expectancy as to the nature and extent that remedial activities conducted by the USEPA on or in the OMS will reduce contamination levels on or in the OMS over the next 1-25 years, and the factual basis of that expectancy.

10. The nature and extent that remedial activities conducted by the USEPA on or in the OMS have reduced contamination levels on or at the Subject Property.

11. The USEPA's present level of expectancy as to the nature and extent that remedial activities conducted by the USEPA on or in the OMS will reduce contamination levels on or at the Subject Property over the next 1-25 years, and the factual basis of that expectancy.

12. The facts supporting any contention made by defendant that remedial activities conducted by the USEPA on or at the M&B Site have reduced contamination levels on or at the Subject Property.

13. The facts supporting any contention made by defendant that remedial activities conducted by the USEPA on or at the M&B Site will reduce contamination levels on or at the Subject Property over the next 1-25 years.

14. The facts supporting any contention made by defendant that remedial activities conducted by the USEPA on or in the OMS have reduced contamination levels on or at the Subject Property.

15. The facts supporting any contention made by defendant that remedial activities conducted by the USEPA on or in the OMS will reduce contamination levels on or at the Subject Property over the next 1-25 years.

16. The facts supporting any contention made by defendant that remedial activities conducted by the USEPA on or at the M&B Site have benefited the Subject Property.

17. The facts supporting any contention made by defendant that remedial activities conducted by the USEPA on or in the OMS have benefited the Subject Property.

18. Any plans by for continued testing or inspections of contaminant levels on or at the Subject Property into the future, including the nature, locations, and extent of any such testing or inspections.

19. The facts supporting any contention made by defendant that the installation of a permanent log boom by the USEPA near the mouth of the OMS in 2006 has not physically taken any property rights appurtenant to or previously enjoyed by the Subject Property.

20. Any assessment, testing, or effort conducted by the USEPA to determine the potential that marine vessels operating within the OMS would or might disturb the sand cap placed by the USEPA over the subsurface sediment within the OMS as part of the OMS Project.

21. The facts supporting any contention by defendant that CRV or C. Ryan Voorhees were notified, prior to November 29, 2001, of any plan or intention by the USEPA to install a permanent log boom near the mouth of the OMS.

22. The facts supporting the affirmative defense asserted, and any contention made by defendant, that the actions taken by the USA with regard to OMS Project were within the scope of its navigational servitude, including but not limited to, the USEPA's installation of a permanent log boom near the mouth of the OMS in 2006.

## REQUEST FOR PRODUCTION OF DOCUMENTS

Pursuant to RCFC Rules 30(b)(5) and 34, the deponents are requested and required to produce the following documents at the time and place of the deposition, *to the extent such documents have not previously been produced to plaintiff in the course of discovery in this action*:

1. Documents evidencing the extent that remedial activities conducted by the USEPA on or at the M&B Site have reduced contamination levels on or at the M&B Site, in the OMS, or at the Subject Property.

2. Documents evidencing the extent that remedial activities conducted by the USEPA on or in the OMS have reduced contamination levels within the OMS, or at the Subject Property.

3. Documents evidencing USEPA's present expectancy or estimation as to the extent that remedial activities conducted by the USEPA on or at the M&B Site will reduce contamination levels on or at the M&B Site, in the OMS, or at the Subject Property, over the next 1-25 years.

4. Documents evidencing USEPA's present expectancy or estimation as to the extent that remedial activities conducted by the USEPA on or in the OMS will reduce contamination levels within the OMS, or at the Subject Property, over the next 1-25 years.

5. Documents evidencing contamination levels at the Subject Property.

6. Documents evidencing any plans by the USEPA for continued testing or inspections of contaminant levels on or at the Subject Property into the future, including the nature, locations, and extent of any such testing or inspections.

7. Documents evidencing any assessment, testing, or effort conducted by the USEPA to determine the potential that marine vessels operating within the OMS would or might disturb the sand cap placed by the USEPA over the subsurface sediment within the OMS as part of the OMS Project.

8. Documents evidencing that CRV or C. Ryan Voorhees were notified, prior to November 29, 2001, of any plan or intention by the USEPA to install a permanent log boom near the mouth of the OMS.

9. Documents evidencing that the actions taken by the USA with regard to OMS Project were within the scope of its navigational servitude, including but not limited to, the USEPA's installation of a permanent log boom near the mouth of the OMS in 2006.

Dated: December 21, 2007

SHAPIRO BUCHMAN PROVINE & PATTON LLP

By: ______________________
John H. Patton
Attorneys for Plaintiff CRV Enterprises, Inc.

205950.1

# EXHIBIT 3

**From:** John H. Patton
**Sent:** Friday, December 28, 2007 3:58 PM
**To:** 'Shapiro, William (ENRD)'
**Subject:** RE: CRV v. USA

**Understanding your position that a takings claimant may not challenge the propriety of the government action, it still sort of begs the question as to whether the government can raise the issue of the effectiveness of propriety of its remedy. If no, then we should be able to reach a stipulation. If yes, then obviously I need the deposition. Same to you on the New Year.**

John H. Patton
SHAPIRO BUCHMAN PROVINE & PATTON, LLP
1333 North California Blvd., Suite 350
Walnut Creek, CA 94596
(925) 944-9700
(925) 944-9701 (fax)
jpatton@sbllp.com

---

**From:** Shapiro, William (ENRD) [mailto:William.Shapiro@usdoj.gov]
**Sent:** Friday, December 28, 2007 3:22 PM
**To:** John H. Patton
**Cc:** Williams.Laurie@epamail.epa.gov
**Subject:** RE: CRV v. USA

Thanks John. To clarify our position with respect to topic 20: it is our position that a takings claimant may not challenge the propriety of a government action. As the topic appears focused on exactly such a challenge, we believe it is an improper subject for a 30(b)(6) deposition. I'll plan on talking to you next Wed. Have a great New Years.

Bill

---

EXHIBIT
tabbies
3

**From:** John H. Patton [mailto:jpatton@sbllp.com]
**Sent:** Friday, December 28, 2007 3:15 PM
**To:** Shapiro, William (ENRD)
**Subject:** CRV v. USA

Bill -- Briefly summarizing what we agreed to with regard to our 30(b)(6) depo notice, we agree that Topics 1-18 will be reserved for damages, and the Government will not be making a motion for summary adjudication during the liability stage based upon the argument that there has been no damage because the EPA's project has improved the value of the property. With that understanding, we will withhold the deposition on those issues until the damage phase, assuming there is one, as I believe there will be.

As to Topic 19, my concern is that I will see a motion for summary judgment that raises factual issues I am not aware of which may be subject to dispute, and for which I may need deposition testimony to oppose, and that the plaintiff will be prejudiced by the fact that it did not take that deposition prior to the motion. Neither of us presently knows what those facts might be, but as I understand it, you are reluctant to stipulate that the plaintiff will not be prejudiced on a motion by the fact that it did not take the deposition during the liability phase, which we seek to do. That troubles me. The same holds true for Topic 22. I am going to look at the issue further, as are you.

As to 20, you have essentially told me that whether or not the government had other remedies that were less draconian, o whether the remedy was necessary, is irrelevant to a takings claim. Without agreeing, what I am suggesting is that perhaps I would forgo inquiry on this issue if I get agreement from the government that it will not attempt to argue or

prove that it chose the best remedy, or the remedy it chose was more consistent with what the community wanted, etc. If the issue of t[illegible]od [illegible] of the [illegible] a compensable taking occurred, it should be irrelevat for both sides.

Also, I now have a conflict on the 15th (the noticed date), however we both are presently open on the 14th and 18th.

As I stated, I am not interested in creating issues or taking depositions on matters that are not necessary for my client to properly prepare for and address the government's motions. On the other hand, my concern is one of fairness, that we are prepared to properly address the government's motion, and to make our own motion, on the merits based on adequate discovery. We agreed to talk further next Weds. or Thurs.

I will send you the proposed amended pleading in a few minutes. I understand that you will require a motion, but most likely will not oppose it. Thanks

John H. Patton
SHAPIRO BUCHMAN PROVINE & PATTON, LLP
1333 North California Blvd., Suite 350
Walnut Creek, CA 94596
(925) 944-9700
(925) 944-9701 (fax)
jpatton@sbllp.com

# EXHIBIT 4

**John H. Patton**

---

**From:** John H. Patton
**Sent:** Thursday, January 03, 2008 9:28 AM
**To:** William.Shapiro@usdoj.gov
**Subject:** CRV v. USA

20080103092410.pdf (587 KB)

Bill -- Pursuant to our discussions last week, attached is an amended 30(b)(6) deposition notice. I have done 3 things:

1. Changed the date from the 15th to the 18th because of my conflict.
2. Dropped Topics 1-18 pursuant to our agreement reserving them for the damage phase (I have also dropped the document requests in that regard).
3. Added a topic and document request concerning any contention Ryan was notified of the permanent log boom prior to November 10, 2002. The date is the day after the Dutra sale closed.
4. I have left in the other topics we were discussing, but am still open to a resolution where we are not prejudiced if we agree to forego deposition on them at this time. I will be out tomorrow, but in all next week (except for the 10th, when I have a mediation). Also, I will file a motion next week seeking leave to file the amended complaint that I forwarded to you last week. Thanks

John H. Patton
SHAPIRO BUCHMAN PROVINE & PATTON, LLP
1333 North California Blvd., Suite 350
Walnut Creek, CA 94596
(925) 944-9700
(925) 944-9701 (fax)
jpatton@sbllp.com

EXHIBIT
tabbies
4

John H. Patton, California SBN 069261
Matthew K. Wisinski, California SBN 195535
SHAPIRO BUCHMAN PROVINE & PATTON LLP
1333 North California Boulevard, Suite 350
Walnut Creek, CA 94596
Telephone: (925) 944-9700
Facsimile: (925) 944-9701
E-mail: jpatton@sbllp.com
Attorneys for Plaintiff CRV Enterprises, Inc.

IN THE UNITED STATES COURT OF FEDERAL CLAIMS

| | |
|---|---|
| CRV ENTERPRISES, INC., Plaintiff, | |
| v. | |
| THE UNITED STATES OF AMERICA, Defendant. | Date: January 18, 2008<br>Case No. 06-660L<br>Judge George W. Miller |

AMENDED NOTICE OF TAKING DEPOSITION AND REQUEST FOR PRODUCTION OF DOCUMENTS

TO ALL PARTIES AND TO THEIR ATTORNEYS OF RECORD:

PLEASE TAKE NOTICE that pursuant to Rule 30(b)(6) of the Rules of the United States Court of Federal Claims, that plaintiff CRV Enterprises, Inc. ("CRV") will take the deposition of defendant United States of America ("USA") through its governmental agency, the U.S. Environmental Protection Agency ("USEPA") in the above-entitled action, commencing at 9:30 a.m. on January 18, 2008 (rescheduled from January 15, 2008), and continuing thereafter from day-to-day until completed,

unless otherwise agreed upon by the parties. Said deposition shall be taken at the offices of Shapiro Buchman Provine & Patton, LLP, counsel for plaintiff, 1333 North California Boulevard, Walnut Creek, CA 94596 (925) 944-9700, and shall be recorded stenographically by and before a duly authorized deposition officer.

**NOTICE IF FURTHER GIVEN** that pursuant to Rule 30(b)(6) of the Rules of the United States Court of Federal Claims, and pursuant to agreement of the parties (reserving Items 1-18 of the prior deposition notice for discovery during the damage phase of this case), that the USEPA is required to designate one or more officers, directors, or managing agents, or other persons who consent to testify on its behalf, and to set forth each person designated those matters on which such person will testify.

**DEFINITIONS**

For purposes of designating matters upon which examination is requested herein, the following definitions shall apply:

1. That certain improved real property of approximately 9.54 acres located in the City of Stockton, San Joaquin County, California, described as Assessor's Parcel No. 145-190-08, and bearing a street address of 1404 West Weber Avenue, Stockton, CA 95203, sometimes called the "E Port Center," and sometimes called the "Stockton Maritime Center," which is the subject of this action, is hereinafter referred to as "the Subject Property."

2. The former site of the McCormick & Baxter Creosoting Company, 1214 West Washington Street, Stockton, California, as referred to in the USEPA's Record of Decision dated March 31, 1999, is hereinafter referred to as "the M&B Site."

3. The Old Mormon Slough adjacent and to the north and west of the M&B site, including all waters and subsurface sediment, is hereinafter referred to as "the OMS."

4. The USEPA's remediation project on the M&B site, as referred to in the USEPA's Record of Decision dated March 31, 1999, is hereinafter referred to as "the M&B Project."

5. The USEPA's remediation project within the OMS, as referred to in the USEPA's Record of Decision dated March 31, 1999, is hereinafter referred to as "the OMS Project."

## MATTERS FOR DEPOSITION EXAMINATION

The matters for which examination is requested are as follows:

1. The facts supporting any contention made by defendant that the installation of a permanent log boom by the USEPA near the mouth of the OMS in 2006 has not physically taken any property rights appurtenant to or previously enjoyed by the Subject Property.

2. Any assessment, testing, or effort conducted by the USEPA to determine the potential that marine vessels operating within the OMS would or might disturb the sand cap placed by the USEPA over the subsurface sediment within the OMS as part of the OMS Project.

3. The facts supporting any contention by defendant that CRV or C. Ryan Voorhees were notified, prior to November 29, 2001, of any plan or intention by the USEPA to install a permanent log boom near the mouth of the OMS.

4. The facts supporting any contention by defendant that CRV or C. Ryan Voorhees were notified, prior to November 10, 2002, of any plan or intention by the USEPA to install a permanent log boom near the mouth of the OMS.

5. The facts supporting the affirmative defense asserted, and any contention made by defendant, that the actions taken by the USA with regard to OMS Project were within the scope of its navigational servitude, including but not

limited to, the USEPA's installation of a permanent log boom near the mouth of the OMS in 2006.

## REQUEST FOR PRODUCTION OF DOCUMENTS

Pursuant to RCFC Rules 30(b)(5) and 34, and pursuant to agreement of the parties reserving issues concerning betterment of the subject property by the USEPA's actions (requests 1-6 in the prior deposition notice), the deponents are requested and required to produce the following documents at the time and place of the deposition, *to the extent such documents have not previously been produced to plaintiff in the course of discovery in this action*:

1. Documents evidencing any assessment, testing, or effort conducted by the USEPA to determine the potential that marine vessels operating within the OMS would or might disturb the sand cap placed by the USEPA over the subsurface sediment within the OMS as part of the OMS Project.

2. Documents evidencing that CRV or C. Ryan Voorhees were notified, prior to November 29, 2001, of any plan or intention by the USEPA to install a permanent log boom near the mouth of the OMS.

3. Documents evidencing that CRV or C. Ryan Voorhees were notified, prior to November 10, 2002, of any plan or intention by the USEPA to install a permanent log boom near the mouth of the OMS.

4. Documents evidencing that the actions taken by the USA with regard to OMS Project were within the scope of its navigational servitude, including but not limited to, the USEPA's installation of a permanent log boom near the mouth of the OMS in 2006.

Dated: January 3, 2008

SHAPIRO BUCHMAN PROVINE & PATTON LLP

By: ______________________
John H. Patton
Attorneys for Plaintiff CRV Enterprises, Inc.

206074.1

# EXHIBIT 5

**From:** John H. Patton
**Sent:** Wednesday, January 09, 2008 12:08 PM
**To:** 'Shapiro, William (ENRD)'
**Cc:** williams.laurie@epa.gov
**Subject:** RE: CRV Enterprises, Inc. vs. USA

**Bill -- I simply translate all of the above to if I in fairness need to take the deposition to face some argument the government is going to make, I will be permitted to do so. Otherwise, I would insist on the deposition. I am willing to accept your good faith and avoid unnecessary activity.**

John H. Patton
SHAPIRO BUCHMAN PROVINE & PATTON, LLP
1333 North California Blvd., Suite 350
Walnut Creek, CA 94596
(925) 944-9700
(925) 944-9701 (fax)
jpatton@sbllp.com

---

**From:** Shapiro, William (ENRD) [mailto:William.Shapiro@usdoj.gov]
**Sent:** Wednesday, January 09, 2008 12:04 PM
**To:** John H. Patton
**Cc:** williams.laurie@epa.gov
**Subject:** RE: CRV Enterprises, Inc. vs. USA

Thanks, John. As we discussed, it may be necessary to submit a declaration (or declarations) to explain certain documents or the like. However, we do not, at this point, intend to offer any new studies or data beyond those of which you are already aware. If we were to introduce new information in our motion for summary judgment, we agree that your avenue for relief would be via RCFC 56 (f). Whether 56(f) relief is available, of course, would depend on the merits of your motion. I will let you know about the best date for the 30(b)(6) deposition on Topics 3 and 4 once we consult with the appropriate people.

---

**From:** Delimar T. McKay [mailto:dmckay@sbllp.com]
**Sent:** Wednesday, January 09, 2008 11:11 AM
**To:** Shapiro, William (ENRD)
**Cc:** williams.laurie@epa.gov
**Subject:** CRV Enterprises, Inc. vs. USA

*Delimar T. McKay, Secretary to*
*Debra E. Keller, Bruce A. McIntosh, John H. Patton,*
*Stephen C. Seto and Matthew K. Wisinski*
*Shapiro Buchman Provine & Patton LLP*
*1333 N. California Blvd, Suite 350*
*Walnut Creek, CA 94596*
*Tel. 925-944-9700, Fax 925-944-9701*
*On the Web at http://www.sbllp.com*

EXHIBIT
tabbies
5

***This message, including attachments, is from the law firm of Shapiro Buchman Provine & Patton, LLP. This message contains information that may be confidential and protected by the attorney-client or attorney work product privileges. If you are not the intended recipient, promptly delete this message and notify the sender of the delivery error by return e-mail or call us at 925/944-9700. You may not forward, print, copy, distribute, or use the information in this message if you are not the intended recipient*